Hemphill, Ch. J.
The point first presented is on the demurrer of the defendant Fowler. This was properly .overruled. The petition states the indebtedness of the defendant with sufficient fullness and precision, and avers facts inconsistent with snob control over the judgment as to have enabled him to collect his fee upon execution. The fact that the debt from Trimble tO' Shelton was the only remaining fund upon which his lien could he enforced might have been stated more, explicitly; but upon considering the whole petition tile averments sufficiently indicate not only the indebtedness of the defendant Fowler, hut that the mode in which "the remedy is sought is not unnecessarily harassing and oppressive upon the defendants.
Nor was there any error in the refusal to grant a new trial. The verdict was objectionable for tile allowance of interest, but this was cured by *79 the remittitur of the plaintiff, anti the ground upon which the motion shonlrl have been sustained was taken away. These views on this second assignment are predicated on the supposition that there was final judgment as against the defendant Fowler. But such was not the fact. Tlie issue between him and tlie plaintiff was submitted to the jury, and their verdict returned, but no corresponding- judgment was entered. And although a motion for a new trial may be made before the entry of j udgmen t, yet without final judgment there was no basis for a writ of error. There was a judgment against Fowler for costs but not for the debt, and the writ of error as to him must therefore be dismissed.
The third assignment is, that the judgmeut against Shelton is erroneous for the want of citation or notice.
Tlie statute authorizes a party, his agent or attorney, to waive the necessity of issuing- or the service of process, and to accept service thereof, provided such-waiver or acceptance be made in writing and signed by such party, his agent or attorney, and filed among the papers of the cause. (Art. 678, Dig.)
In tiiis case the service is acknowledged for Shelton by T. 0. Forbes; but whether Forbes be tlie agent or attorney in fact or attorney-at-law representing Shelton does not appeal-. Had this acknowledgment been by an attorney-at-law there would be a prima facia presumption in favor of bis having sufficient authority to perform tlie act. Tlie general license of an attorney is a species of guarantee to tlie public and to suitors that lie is entitled to confidence, and the dignity of the. profession and the convenient administration of justice require that presumptions in favor of his authority should bo indulged. (1 La. Annual Hep., 897.) But it does not appear that Forbes is an attorney-at-law ; it is not stated that lie is an attorney in fact. There is no evidence of his authority or of its character. It was not disputed or brought to the attention of the District Court, nor could it have been contested by tlie defendant Shelton, as, independent of the acknowledgment in question, lie had no notice of the suit nor did he appear in tlie progress of the cause, and he is not concluded by the acts of unauthorized agents which he could not control and lias had no opportunity to disavow.
It might be questioned whether some proceeding should not have been instituted in the court below to set aside and vacate tlie judgment as to Shelton. The fact of authority or not in Forbes could in that tribunal be conveniently investigated, and tlie appropriate judgment or order entered or made without the delay and expense of an appeal. There are cases in which the error could with equal propriety, though not perhaps with tlie same facility, be corrected in either court. In confessions of judgment by attorney the warrant of attorney must be filed, and where this is not done the judgment is fatally, and for an error apparent upon the record, defeclive. Ho dispute can arise in relation to the fact of authority. But tlie power of an agent or attorney in tlie acknowledgment of service is not required to he filed; and the fact of its existence is to be ascertained by presumptions of evidence aliunde and not by-inspection ; and it would seem that such matter would come more properly in the first place within the cognizance of the District Court.
But tlie point as to the authority of Forbes lias not been fully argued by tlie plaintiff in error and has not been" alluded to by (lie defendant., and we do not intend to enter into a full discussion of tlie questions which might arise in the-consideration of the proposition contained in tlie assignment. (2 Tex. R., 582; 6 Johns. R., 295.) For the discussion of this case, under the circumstances, it is sufficient to say that Forbes does not appear to be an attorney-at-law, and his authority cannot prima facia be presumed; nor is bis acknowledgment affirmed by the subsequent appearance of the defendant, nor is tlio latter' estopped by failing to disaffirm tlie act of Forbes, as no opportunity for that purpose lias been presented.
Under this state of facts the judgment as against. Shelton must he regarded as entered without due citation or notice, and must consequently be set aside. The same order must be made in reference to the judgment against Trimble. He cannot be required to make payment to tlie defendant in error unless
CO *80 protected against the right of Shelton to enforce payment of the same debt the second time.
The point as to the statute of limitations was waived by the plaintiffs in error, and does not therefore require any notice.
It is ordered, adjudged, and decreed that the writ of error as to the plaintiff Fowler be dismissed, and that a judgment nunc pro tuno be entered for the sum of one hundred and fifty dollars in the court below against the said Fowler in favor of the defendant in error; and it is further ordered, adjudged, and decreed that the judgment in the District Court be set aside, and that the ■defendant Shelton have leave to appear and plead as he may be advised; and it is further ordered that the costs of this court be apportioned, and that one-half be paid by the plaintiff in error, John H. Fowler, and the other half by the defendant in error.