**NATIONAL BOND & INVESTMENT CO. v. McCOY et al. (No. 2335.)**

(Court of Civil Appeals of Texas. Amarillo. May 21, 1924. Rehearing Denied June 18, 1924.)

**1. Attachment ⬤⟞373—Allegations of wrongful attachment held sufficient.**

Allegations in cross-petition for wrongful attachment of automobile *held* good as against general demurrer.

**2. Attachment ⬤⟞374—Evidence showed rental value of automobile.**

Evidence that reasonable rental value of automobile was $5 a day was sufficient for jury to find its value to be $2 a day.

**3. Appeal and error ⬤⟞173(7)—Question whether attorney acted under authority in attaching automobile not first urged on appeal.**

Where defendants brought cross-action for wrongful attachment, and plaintiff's pleadings did not raise issue of its attorney's authority to act in the premises, such matter cannot be urged for the first time on appeal.

**4. Attorney and client ⬤⟞70—Attorney presumed to be authorized to do acts within apparent scope of authority for client.**

It is presumed that an attorney is authorized to do all such acts as are within apparent scope of his authority for his client, and in absence of pleading questioning his acts 'on ground of fraud or otherwise presumption is conclusive.

**5. Appeal and error ⬤⟞201(2), 544(1)—Alleged error in court's private conversation with jurors not urged in bill of exceptions not considered.**

Alleged error for court in having private conversation with jurors, out of hearing of counsel, while jury was deliberating, which was not reserved in lower court and presented in bill of exceptions, cannot be considered.

Appeal from Wichita County Court; Guy Rogers, Judge.

Action by the National Bond & Investment Company against George W. McCoy and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Bonner, Bonner & Sanford, of Wichita Falls, for appellant.

Mathis & Caldwell, of Wichita Falls, for appellees.

HALL, C. J. February 15, 1923, appellee Geo. W. McCoy bought an automobile in Oklahoma, and as part consideration gave his promissory note to the appellant company in the principal sum of $337.20, due in twelve monthly installments. The note provides for interest at 10 per cent., for reasonable attorneys' fees in the event of collection by suit, and that a failure to pay any installment, should, at the option of the holder, mature the entire indebtedness. He paid the March installment of $28.20. Failing to pay the April installment, the appellant exercised its option under the acceleration clause, and declared the entire note due, placing it in the hands of its attorneys for collection. McCoy brought the car to Wichita county, Tex., and this suit was instituted against him for the debt and foreclosure of the chattel mortgage, and an attachment was sued out. Then Mrs. R. C. Wiles, the sister of McCoy, inquired of appellant's attorneys as to the amount due, and, according to her testimony and the finding of the jury, made full payment of the debt. Appellant's attorney insisted that she paid $100 less than the amount due. After the first transaction appellant's attorney went to see her, and upon her refusal to pay the $100 which he claims was still due he issued a new writ of attachment, and the car was again levied upon in her possession. Thereafter, on June 6th, appellant filed its first amended petition, setting out that in the original petition the amount stated as due was $224; that this was a mistake; that the amount was really $324, and prayed that Mrs. Wiles, who was making some claim of title or interest in the car, the exact nature of which was unknown, be made a party. McCoy and Mrs. Wiles filed separate answers, each claiming that the note had been paid in full, and by way of cross-action each sued for $210 damages for the wrongful attachment. The jury found that Mrs. Wiles had paid the debt in full; that reasonable attorneys' fees would be $30.91, and that the reasonable rental value per day of the automobile during the time which Mrs. Wiles was deprived of its possession was $2 per day. The court decreed that the plaintiff take nothing; that the defendant McCoy take nothing on his cross-action; and that Mrs. Wiles recover $76 damages against plaintiff.

[1] The first proposition urged is that the allegations of the cross-action of Mrs. Wiles were wholly insufficient to authorize the judgment in her favor for $76 damages. The substance of her pleading is that the notes executed by McCoy had been fully paid; that the 15 per cent. prayed for as attorneys' fees was unjust and unreasonable; that the automobile in question is her property; that it was purchased by McCoy for her, and that she had paid plaintiff's attorney the full amount of the notes sued upon; that, while McCoy had executed the notes, nevertheless before plaintiff's attorney had been paid anything he had actual notice that she claimed to be the owner of the car, and because of plaintiff's failure to foreclose its chattel mortgage and sequestrate the car the mortgage lien had been waived; that because no grounds for an attachment had been stated against her the attachment is null and void; that the car had been in the hands of the of-

---

ficers of the court since the 12th day of May, 1923. Wherefore plaintiff and plaintiff's bondsmen were liable to her for the usual and customary rental price thereof for each and every day said car had been out of her possession; that the reasonable and customary rental was $10 per day; that plaintiff had wrongfully taken the car from her and out of her possession. We think these facts entitle her to a judgment for damages for conversion of the property, and certainly as against a general demurrer. The appellant has one assignment of error to the effect that the court erred in not sustaining its special exception to Mrs. Wiles' cross-action. There are three special exceptions, and the assignment is not rendered more specific by any proposition urged under it.

[2] It is next insisted that the evidence is insufficient to show the rental value of the automobile. There is a stipulation in the statement of facts as follows:

"It is agreed by the parties hereto that the witness Clisbee has had experience in the renting of automobiles, and that if he were here he would testify that the reasonable rental value of a Ford car of the kind in question here is $5 per day."

The jury was not required to accept $5 per day as its rental value, but upon such testimony they could find the value to be $2 per day.

[3] The third proposition is that the evidence with respect to the conversion of the car by plaintiff's attorney was wholly insufficient to show that said attorney was acting under the instructions or with the consent of appellant. Appellant's pleadings do not raise the issue of its attorney's authority, and the matter cannot be urged in this court for the first time. We find in the statement of facts a memorandum made by appellant's attorney, as follows:

"Geo. W. McCoy, Tankawa, Okl. Bought car. Ran restaurant. Sold out recently, and his sister, Mrs. R. C. Wiles, left with car. Repossess same, and do not accept April payment."

[4] This seems to be a memorandum made as the result of a communication with appellant. Aside from this, however, it is presumed that an attorney is authorized to do all such acts as are within the apparent scope of his authority for his client in the institution and conduct of a suit, and in the absence of some pleading questioning the attorney's acts upon the ground of fraud, or otherwise, the presumption is conclusive. McBurnett v. Lampkin, 45 Tex. Civ. App. 567, 101 S. W. 864; Mueller v. Heidemeyer, 49 Tex. Civ. App. 259, 109 S. W. 447; Fowler v. Morrill, 8 Tex. 153; Laird v. Thomas, 22 Tex. 276; Dysart v. Wichita Falls, etc., Ry. (Tex. Civ. App.) 220 S. W. 277.

[5] It is next insisted that it is reversible

error for the court to have private conversations with the jurors while the jury is deliberating and considering the case, if such a communication is out of the hearing of the counsel. This is a matter which must be reserved in the lower court and presented here upon a bill of exceptions, and there is no such bill in the record. If the record contained findings by the court with reference to it, such findings would supply the place of a bill, but the court has made no findings. Upon presentation of the motion for new trial appellant offered testimony to the effect that on two separate occasions two of the jurors came from the jury room and held a private conference in a low tone with the court, requesting that the stenographer be required to reproduce the testimony of appellant's counsel. The judge himself testified upon this point, and there is some conflict between his testimony and that of appellant's witnesses as to the number of times and the number of jurors who consulted with him. Under such circumstances it was the duty of appellant to obtain a bill of exceptions reflecting the entire transaction, and, in the event the court declined to approve a bill of satisfactory to it, then appellant should have procured a bystander's bill. This has not been done.

The record presents no reversible error, and the judgment is affirmed.