Finding no error presented in the record, the judgment is affirmed.

## GRIEVANCE COMMITTEE OF STATE BAR OF TEXAS, TWENTY–FIRST CONGRESSIONAL DIST., v. DEAN.

### No. 9521.

Court of Civil Appeals of Texas. Austin.

Oct. 10, 1945.

J. Mitch Johnson, of San Saba, and J. C. Darroch, of Brownwood, for appellant.

H. C. Coryell, of San Saba, in pro per.

R. D. Cox, Jr., of McAllen, Fred Bennett, of Mercedes, A. G. Haigh, of Edinburg, Luther Hughes, of Weslaco, and E. A. McDaniel, of McAllen, Hidalgo County Bar Ass'n Grievance Committee, amici curiae.

Joyce Cox, of Houston, for Greivance Committee of State Bar of Texas, Eighth Dist., amicus curiae.

Melvin F. Adler, of Fort Worth, amicus curiae.

Dwight Whitwell, Cr. Dist. Atty., of McKinney, amicus curiae.

Aubrey J. Roberts, Harold F. Thompson, and W. C. Gowan, all of Dallas (John A. Witcher, of Dallas, of counsel), for Grievance Committee, Fifth Congressional Dist., State Bar of Texas, amici curiae.

BAUGH, Justice.

This suit was brought by the Grievance Committee of the State Bar of Texas, as integrated by the State Bar Act, Acts 1939, 46th Leg., p. 64, Art. 320a—1, Vernon's Ann. Civ.St., and under the Declaratory Judgment Act, Art. 2524—1, Vernon's Ann.Civ. St., to have determined whether the acts performed by the defendant W. V. Dean constituted the illegal practice of law. The allegations in this respect were: "That the defendant has on frequent occasions in the county of his residence prepared for others contracts, deeds, deeds of trust, leases, mechanic's liens, releases, transfers, and other forms of conveyances, and has also drawn wills and rendered opinions on titles to land, and in fact has made it a part of his business as an abstracter to do so, the performance of which acts—as plaintiff asserts—constitutes the practice of law, whether or not any charge is made for such services. That the defendant is not a member of the State Bar of Texas, and under Section 3 of the State Bar Act (Article 320a—1 of Vernon's Civil Statutes of the State of Texas), all persons not members of the State Bar are prohibited from practicing law in this State."

The case was tried upon an agreed statement of facts, the portion pertinent to our inquiry here being:

"The defendant admits, in open court, that he has, from time to time ever since the enactment of Art. 430a of the [Vernon's] Penal Code of Texas, drawn for others contracts relative to property rights, deeds of conveyance to lands, deeds of trust granting liens on lands, leases of lands, and of real property, releases of mortgages on real property, transfers of and liens on personal property, and other forms of conveyances, and that during said period of time the defendant has drawn two or three wills. That the defendant has, at the request of others, advised them of the condition of their titles to real estate, and has done so without compensation. The defendant has not advertised or solicited this character of business, but has rendered the services above mentioned, to such persons as came to him and requested such services; and the defendant admits that he has done the character of conveyancing above outlined both for compensation and without compensation.

"It is agreed between the parties hereto that in the preparation of these various types of conveyances that the defendant felt that he was acting within his rights under and by virtue of the provisions of Art. 430a of the Penal Code of Texas. It is agreed that the defendant has been pursuing this course under a claim of right since the enactment of Art. 430a of the Penal Code of Texas up to the present time.

"It is agreed that the various types of conveyances above mentioned, prepared by the defendant, related to property rights of others in which the defendant had no interest.

"It is agreed by plaintiffs and defendant that the defendant made no charge, and received no compensation, for preparing the above mentioned wills."

The trial court in its judgment herein declared:

"(B) That the preparation *of* others for compensation or consideration, direct or indirect, of deeds of conveyance to real estate, deeds of trust granting liens on real estate, leases of lands and real estate, releases of liens upon real estate, contracts relating to the rights and properties of others, the drawing and preparation of wills for others, and the examination of titles and the giving of title opinions, all concerning the property rights of others, when done for consideration, direct or indirect, constitutes the Practice of Law, and that such services may be rendered only by a duly qualified licensed attorney who is a member of the State Bar of Texas.

"(C) That the fact that the defendant does not advertise for or solicit this character of business, but performs such services only upon solicitation of others, does not relieve him of the charge of unauthorized practice of law without a license.

"(D) That the performance by the defendant of such services as mentioned in paragraph 'B' above, for others at their solicitation, without compensation or consideration, either direct or indirect, does not constitute the practice of law, and that the defendant has the right to render such services without consideration or compensation.

"(E) That the preparation by the defendant of deeds of conveyance, conveying property, if done without consideration or compensation paid or charged, does not constitute the practice of law, and the defendant has a right to draw without compensation such instruments.

"(F) The court further declares that the defendant's claim of right to do conveyancing and prepare such instruments as are set forth in paragraph (B) above under and by virtue of the provisions of Article 430a, Sec. 2, of the Penal Code of Texas, is of no avail. Art. 430a of the Penal Code is not repealed by Art. 320a—1, of the revised statutes of Texas, (The State Bar Act) nor is the requirement of the last mentioned act that only duly licensed lawyers who are members of the State Bar may engage in the practice of law, in anywise affected by the provisions of Art. 430a of the Penal Code, particularly Sec. 2, which exempts Notaries Public from criminal prosecution on account of doing any of acts prohibited by Art. 430a. The court finds that both of these laws are in full force and effect, and that one is a criminal law, providing penalties, and that the other is a civil law, declaring who shall have the right to engage in the practice of law; that there is no inconsistency in the two acts, as they relate to different and distinct branches and phases of the law; and, that the exemption of notaries from criminal prosecution for the drawing of conveyances for others, both with and without compensation, does not confer on them the civil right to engage in the practice of law to the extent of drawing such conveyances for others for compensation, either direct or indirect."

The Grievance Committee appealed from this judgment, and its contentions are concisely stated as follows:

"Point I. The Judicial Department of the state government has the power and authority to declare what shall constitute the practice of law.

"Point II. Any act which constitutes practice of law may be performed lawfully only by a duly licensed attorney at law who is a member of the State Bar, whether done for compensation or without compensation, and it was error for the court to hold that the drawing of contracts, conveyances, etc., writing wills, and giving opinions on land titles, when done without compensation, did not constitute 'practice of law.' "

In the abstract, appellant's "Point I" is correct. It does not follow, however, that such power is exclusive. Nor is it necessary for us to enter upon a discussion as to how far the Legislature may go in regulating the practice of law without so invading the powers vested in the judiciary by the Constitution as to render such acts unconstitutional. It may be conceded that the Supreme Court of Texas has the power both under the Constitution and the State Bar Act to define what constitutes the practice of law, but it has not as yet done so.

In the Hexter Title Company case (Hexter Title & Abstract Co. v. Grievance Committee) 142 Tex. 506, 179 S.W.2d 946, 157 A.L.R. 268, the Supreme Court declined to determine that question. It is undoubtedly true, however, that the practice of law is a profession affected with a public interest and the Legislature, under its police power, and to protect the public interest, may legislate reasonably to that end. In doing so, it acts in aid of the judiciary and

not to the exclusion of, nor in denial of, the constitutional powers of the judicial branch of the government. 5 Am.Jur. § 2, p. 262; 7 C.J.S., Attorney and Client, § 3g, p. 703; State ex rel. Ralston v. Turner, 141 Neb. 556, 4 N.W.2d 302, 144 A.L.R. 138 and annotations; Integration of Bar Case, 244 Wis. 8, 11 N.W.2d 604, 12 N.W.2d 699, 151 A.L.R. 586, and annotations thereunder. An exhaustive discussion of these questions, with copious citation of authorities and extensive addenda, is found in Clark v. Austin, 340 Mo. 467, 101 S.W.2d 977-1003.

The only attempt by the Legislature to define what constitutes the practice of law is found in Art. 430a of Vernon's Ann. Penal Code, Acts 1933, Reg. Session, Ch. 238, p. 835. Under the great weight of authority, however, such definition is not exclusive, and does not deprive the judicial branch of the power and authority, both under the State Bar Act and the adjudicated cases, to determine whether other services and acts not therein enumerated, may constitute the practice of law. And though certain classes are in said Act exempt from the penalties therein prescribed, such exemptions, if valid and reasonable classifications, do not authorize the exempted persons to practice law without a license, nor remove their acts and services from the category of practicing law.

That being true, we think the trial court was correct in holding that Art. 430a, which exempts notaries public who draw conveyances from the penalties therein prescribed, does not prevent such acts from constituting the practice of law under the decisions in Hexter Title & Abst. Co. v. Grievance Committee, supra; Stewart Abstract Co. v. Judicial Commission, Tex. Civ.App., 131 S.W.2d 686; Annotation, 125 A.L.R. p. 1173.

There remains, therefore, the question of whether such acts, only when done for compensation, constitute the practice of law; but not so if done gratuitously. The trial court's conclusion in this regard was obviously based upon the language used in the Hexter Title Company case. The precise question here involved was not, however, passed upon in that case. There the Supreme Court decided that compensation was charged which inured to the benefit of the corporation; and that the corporation was, therefore, engaged in the practice of law.

However, the objective sought to be attained by the Legislature in the exercise of the police power is the protection of the public against injury from acts or services, professional in nature, and deemed both by the Legislature and the courts as the practice of law, done or performed by those not deemed by law to be qualified to perform them. It is well known that most licensed attorneys, as do doctors and other licensed professional men, often perform gratuitously professional services in their respective fields. The character of such service is none the less professional, and the welfare of the public as much involved in the one case as in the other. The weight of authority, where such issue has been presented, is that the character of the service and its relation to the public interest, determines its classification,—not whether compensation be charged therefor. Liberty Mut. Ins. Co. v. Jones, 344 Mo. 932, 130 S.W.2d 945, 125 A.L.R. 1149; State ex rel. Wright v. Barlow, 131 Neb. 294, 268 N.W. 95; Annotation 111 A.L.R. 31; 125 A.L.R. 1180; 151 A.L.R. 781.

We conclude, therefore, that the trial court erred in holding and declaring the acts and services of the appellee shown by the pleadings and the agreed facts above set out, when performed by him gratuitously, did not constitute the practice of law; and the judgment in that respect is reformed so as to declare that such acts and services, whether performed with or without compensation, constitute practice of law both under the statutes and the decisions.

The judgment is therefore reformed and affirmed.

Reformed and affirmed.