GRIEVANCE COMMITTEE STATE BAR OF TEXAS, TWENTY–FIRST CONGRES-SIONAL DIST., v. CORYELL.

No. 9522.

Court of Civil Appeals of Texas. Austin.
Oct. 10, 1945.

Rehearing Denied Nov. 7, 1945.

J. Mitch Johnson, of San Saba, and J. C. Darroch, of Brownwood, for appellant.

H. C. Coryell, of San Saba, in pro per.

R. D. Cox, Jr., of McAllen, Fred Bennett, of Mercedes, A. G. Haigh, of Edinburg, Luther Hughes, of Weslaco, and E. A. McDaniel, of McAllen, Hidalgo County Bar Ass'n Grievance Committee, amici curiae.

Joyce Cox, of Houston, for Grievance Committee of State Bar of Texas, Eighth Congressional Dist., amicus curiae.

Melvin F. Adler, of Fort Worth, amicus curiae.

Dwight Whitwell, Cr. Dist. Atty., of McKinney, amicus curiae.

Aubrey J. Roberts, Harold F. Thompson, and W. C. Gowan, all of Dallas (John S. Witcher, of Dallas, of counsel), for Grievance Committee, Fifth Congressional Dist., State Bar of Texas, amici curiae.

BLAIR, Justice.

This case is companion to cause No. 9521, Grievance Committee v. Dean, Tex. Civ.App., 190 S.W.2d 126, this day decided by this court, and is controlled by the same rule of law. The trial court found and concluded that appellee, a notary public but not a licensed attorney at law, by writing wills, giving opinions on titles to real estate, and drawing conveyances thereof, was engaged illegally in the practice of law when done for others for a consideration, but not so when the acts or transactions were done without consideration, directly or indirectly. Thus the sole question presented is whether one not licensed to practice law may do so so long as he receives no compensation or consideration for his services.

■■ We think the decision must turn upon the nature of the acts and transactions done rather than upon whether they were done for or without consideration or

compensation. Appellee had for a number of years drawn conveyances of real estate, releases of liens thereon, contracts of sale thereof, and had given opinions on titles thereto, drawn deeds, deeds of trust, leases and wills, charging in some instances for such services, but for others had done them gratuitously. These acts and transactions of appellee when done for a consideration constitute the practice of law under the Act of 1939, known as the State Bar Act. Vernon's Ann.Civ.St. art. 320a—1. Hexter Title Co. v. Grievance Committee, 142 Tex. 506, 179 S.W.2d 946, 954, 157 A.L.R. 268. The facts in the Hexter case showed that a consideration was given for the acts and transactions found to constitute the practice of law. The court clearly reserved the right, however, to in a proper case determine under its inherent power "what would constitute the practice of law, independent of the statute." This principle of law is in accord with the great weight of authority on the question, which is succinctly stated in 7 C.J.S., Attorney and Client, p. 703, § 3g, as follows: "While a statute, which declares that the performance of certain acts shall be included within the meaning of practicing law, may not be invalid, a statute enumerating and penalizing certain acts when performed by a person not licensed to practice law has been held not to define for all purposes 'practice of law' and to take the matter out of the control and supervision of the court."

■ We are also of the view that Art. 430a, Vernon's Ann.P.C., Acts 1933, p. 835, c. 238, referred to in the Hexter case, does not define all acts that may constitute the practice of law so as to oust the inherent power of the court to control, supervise, and to determine who shall practice law, and to determine what in law constitutes practice of law. The language of that statute specifically limits its scope to enumerating and penalizing certain acts when performed by persons not licensed to practice law. It does not undertake to define for all purposes practice of law. Nor does it authorize the practice of law by any person without a license to do so. If it did do so, then it would be of doubtful constitutionality because of discrimination. The State Bar Act and applicable rules of the Supreme Court prohibit any person from engaging in the practice of law without having first obtained a license to do so.

■ Manifestly the reason or purpose of the law in requiring that those who desire to engage in the practice of the law shall meet certain tests and requirements, is not the fact that a fee or consideration may be charged for rendering such legal services. The controlling purpose of all laws, rules and decisions with regard to the licensing of lawyers is to protect the public against persons inexperienced and unlearned in legal matters from attempting to perform legal services. Wrong legal advice by a layman is equally injurious whether given for or without consideration or compensation. The instances are legion where litigation could have been avoided and expense saved had the deed, mortgage, will, or contract involved been drawn by an attorney instead of a layman inexperienced and unlearned in the legal effect of the language used in such instruments. The paramount purpose of licensing practitioners of law is the protection of the people from the inexperienced and unlearned in law who attempt to practice law without first qualifying themselves in the courses of study and as to the character requirements prescribed for lawyers. So, independently of any statutory provisions as to what may constitute practice of law, the court has the duty and the inherent power to determine in each case what constitutes the practice of the law, and to inhibit persons from engaging in the practice of law without having obtained a license to do so. This power of the court, the related statutes of this State, and the decisions are more fully discussed in our opinion in the companion Dean case.

■ In accordance with our foregoing conclusions, the judgment of the trial court is reformed so as to also declare that the foregoing acts and transactions of appellee constitute the practice of law, whether done for compensation or not, and that as so reformed the judgment of the trial court is affirmed.

Reformed and affirmed.