The Honorable Gibson Gayle, Jr. President State Bar of Texas Austin, Texas 78701
Re: Whether non-lawyers may represent corporations and individuals at administrative hearings of state boards and agencies.
Dear Mr. Gayle:
You have requested our opinion as to whether representation of corporations and individuals by non-lawyers before the Industrial Accident Board and the State Board of Insurance constitutes the unauthorized practice of law.
It is well established that the purpose of laws and decisions prohibiting the performance of legal services by non-lawyers is to protect the public from unqualified persons. Hexter Title 
Abstract Co. v. Grievance Committee, 179 S.W.2d 946 (Tex. 1944); Grievance Committee v. Dean, 190 S.W.2d 126 (Tex.Civ.App.-Austin 1945, no writ). Article 430a of the Penal Code, repealed in 1949, defined various services as the practice of law and prohibited non-lawyers from rendering such services. Prior to its repeal, several courts noted that the judiciary may have the final authority to define the practice of law, but failed to rule on the question and based their decisions upon the statute. Hexter Title Abstract Co. v. Grievance Committee, supra; Carr v. Stringer, 171 S.W.2d 920 (Tex.Civ.App.-Ft. Worth 1943, writ ref'd w.o.m.). In Carr, the court held that representation of persons before the Railroad Commission in Rule 37 proceedings was not included within the definition contained in article 430a and thus did not constitute the practice of law. The court noted the power of the judiciary under authorities in other states but did not apply any independent judicial examination to the services involved. However, in Grievance Committee v. Dean, supra, and Grievance Committee v. Coryell, 190 S.W.2d 130
(Tex.Civ.App.-Austin 1945, writ ref'd w.o.m.), the court held that the definition of article 430a was not exclusive and that the judiciary retained the power to define the practice of law.
Following the repeal of article 430a in 1949, the responsibility for defining the practice of law rested exclusively with the judiciary, although the Legislature could act in aid thereof to protect the public. Bryant v. State, 457 S.W.2d 72
(Tex.Civ.App.-Eastland 1970, writ ref'd n.r.e.). In Southern Traffic Bureau v. Thompson, 232 S.W.2d 742 (Tex.Civ.App.-San Antonio 1950, writ ref'd n.r.e.), the court dealt with the actions of the Bureau in presenting and prosecuting claims against rail carriers. The court held that the Bureau's activities under agreements with shippers which gave the Bureau discretion to settle claims and accept settlement offers constituted the practice of law. See also Quarles v. State Bar of Texas, 316 S.W.2d 797 (Tex.Civ.App.-Houston 1958, no writ). However, the court held that various investigational procedures did not involve the practice of law and stated:
 The rule limiting the practice of law . . . should not be extended beyond the requirements of the common good. Southern Traffic Bureau v. Thompson, supra at 749.
Thus, any decision concerning the definition of the practice of law should be based upon an analysis of the dangers and benefits to the public. Of course, these factors will differ depending upon the substance and nature of particular administrative proceedings. In some instances, federal law is relevant. See e.g.20 C.F.R. § 404.971 (1976). For these reasons, it would be impossible to answer a general question concerning the representation of persons and corporations before all state agencies. Accordingly, we will address only the the specific agencies mentioned in your request, the Industrial Accident Board and the State Board of Insurance.
The Industrial Accident Board was created by the Legislature to administer the State's Workmen's Compensation Law. V.T.C.S. arts. 8306-8309h. In Booth v. Texas Employers' Insurance Association,123 S.W.2d 322 (Tex. 1938), the court explained:
 [I]t is apparent that the Industrial Accident Board is not a court but an administrative body, that claims filed before it are not pleadings, and that the presentation or hearing of claims is not intended to be attended or governed by rules or formalities appropriate to trials in court.
. . . .
 It is important to the successful performance of the duties of such administrative agency and to the attainment of the general purpose of the Workmen's Compensation Law that the board be permitted to entertain and promptly decide claims submitted to it, unhampered by unnecessary formality and unrestrained by the rules of pleading and evidence that prevail in the courts. It is often desirable that the injured employee be able to file his claim for compensation and submit it to the board without the assistance of an attorney at law. Id. at 326.
The court further noted that the Board was empowered to make rules not inconsistent with law.
Prior to 1975, article 8307, section 10(b) expressly recognized that nonlawyers might represent parties before the Industrial Accident Board. In the enactment of Senate Bill 1010 by the 64th Legislature, the language `their attorneys or the duly authorized agents of the parties,' was deleted from section 10(b). This could have been an inadvertant omission which was beyond the scope of the conference committee's authority, since the language was in the bill as presented to the committee and was not a subject of disagreement between the two houses. Senate Rule 96(a), SR4, Senate Journal, 64th Leg., p. 4 (11475); House Rule 25, section 8, HSR 12, House Journal, Vol. 1, 64th Leg., p. 63 (11675). In addition, the delection was not accomplished in accordance with the rules pertaining to amendment of existing statutes; that is, the phrase was not bracketed and marked through as required by Joint Rule 22(c), SCR 17, Senate Journal, 64th Leq., p. 979 (42575). Accordingly, in our opinion, the deletion of this language from article 8307, section 10(b) was not a clear indication of an intent on the part of the Legislature to prohibit nonlawyers from practicing before the Board.
The Industrial Accident Board has informed us that non-lawyers are permitted to represent parties at prehearing conferences and at hearings before the Board. See Board Rule 5.080(b) (Texas Compensation Manual). They may likewise do so before the State Board of Insurance. Rule 059.01.04.008. (Rules of Practice and Procedure before the State Board of Insurance and the Commissioner of Insurance, Dec. 31, 1975). This is not to say, of course, that a non-lawyer is required or entitled to represent an individual in the same manner as an attorney is or that he may charge a fee for such representation. This has long been the practice in this state and neither the judiciary nor the Legislature has seen fit to alter it. As previously stated, any prohibition of such representation by non-lawyers must result from an assessment of the public welfare. In our view, the Legislature and the agency involved are in the best position to make such an assessment.
The settlement of claims by an insurance adjuster was authorized by the Statement of Principles approved by the State Bar in 1946. 22 Texas Bar Journal 69 (1959). Similarly, in a meeting of members of the Unauthorized Practice of Law Subcommittee and insurance representatives on November 5, 1976, a consensus was reached that `activities of insurance adjusters and persons representing claimants at prehearing conferences do not present any great problem or danger to the . . . public at the present time' and that the appearance of non-lawyers before the Industrial Accident Board and the Insurance Commission `does not, of itself, constitute [the] practice of law.' See Carr v. Stringer, supra. See also Booth v. Texas Employers' Insurance Association, supra, regarding the informal nature of Industrial Accident Board hearings.
In the many briefs filed with this office in this matter, there is no reference to any detriment to the public resulting from representation by non-lawyers before these agencies. In our view, such a showing should be made in order to disturb the long standing practice of the agencies. Accordingly, in our opinion, representation of parties before the State Board of Insurance and the Industrial Accident Board does not constitute the unauthorized practice of law so long as such representation is permitted by the agencies and is not prohibited by an act or decision of the Legislature or the courts.
We are mindful of the case law of other jurisdictions which would in some instances preclude representation before agencies by non-lawyers. See Annot. 2 A.L.R.3d 724. However, the decisions are not consistent; they vary with the terms of the various statutes and the differing views of the public welfare on the part of the courts. See Eagle Indemnity Co. v. I.A.C. of California, 18 P.2d 341 (Calif. 1933); Denver Bar Association v. Public Utilities Commission, 391 P.2d 467 (Colo. 1964); Hoffmeister v. Tod, 349 S.W.2d 5 (Mo. 1961); Goodman v. Beall,200 N.E. 470 (Ohio 1936).
 SUMMARY
Representation of parties before the State Board of Insurance and the Industrial Accident Board does not constitute the unauthorized practice of law so long as such representation is permitted by the agencies and is not prohibited by any act or decision of the Legislature or the courts.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee