

# The Attorney General of Texas

August 16, 1983

MATTOX
ɔrney General

eme Court Building
Box 12548
ın, TX. 78711- 2548
475-2501
x 910/874-1367
copier 512/475-0266

' Main St., Suite 1400
as. TX. 75201-4709
742-8944

: Alberta Ave.. Suite 160
aso. TX. 79905-2793
533-3484

ɔ Da.. . Ave.. Suite 202
ıston, TX. 77002-6986
'650-0666

Broadway. Suite 312
ɔbock, TX. 79401-3479
/747-5238

ɪ9 N. Tenth, Suite B
Allen, TX. 78501-1685
9682-4547

Ɩ Main Plaza, Suite 400
ɪ Antonio, TX. 78205-2797
9225-4191

ᵗEqual Opportunity/
ᵗ mative Action Employer

Honorable Henry Wade
Criminal District Attorney
Dallas County Government Center
Dallas, Texas    75202

Opinion No. JM- 62

Re:   Unauthorized practice of
law in connection with bail
bond forfeiture proceedings

Dear Mr. Wade:

You ask whether bail bondsmen are engaging in the unauthorized practice of law in the following three fact situations:

1.  A lay person other than the proprietor of a sole proprietorship bonding company is making court appearances without counsel and is making, signing, and filing Motions for a New Trial and making requests for extension and remittance.

2.  A lay person who is a partner in a partnership bonding company is making court appearances without counsel in bond forfeiture hearings and is making, signing, and filing Motions for a New Trial and making requests for extension and remittance.

3.  The lay proprietor of a sole proprietorship bonding company is making court appearances without counsel under a power of attorney as the agent of a corporate insurer surety in bond forfeiture hearings and such lay person is making requests for extensions and remittance.  The proprietor must reimburse or must pay any bond forfeitures on which the corporate surety is liable.

In light of current case law and existing regulatory statutes, we believe that in each of the above fact situations the lay persons are engaged in the unauthorized practice of law.  While each of the bondsmen could represent themselves and their own interests before the court, the nature of their activities as outlined above constitutes the rendering of legal advice to and the representation of individuals and entities other than themselves.  Specifically, they are violating

a settled legal principle which requires corporations and partnerships to be represented by licensed attorneys.

The practice of law is affected with a public interest and the state has a right and duty to regulate and control its practice so that the public is properly served and protected. Palmer v. Unauthorized Practice Committee of the State Bar of Texas, 438 S.W.2d 374, 376 (Tex. Civ. App. - Houston [14th Dist.] 1969, no writ). See also Turner v. American Bar Association, 407 F.Supp. 451 (N.D. Tex. 1975), aff'd 542 F.2d 56 (5th Cir. 1976).

Article 430(a) of the Texas Penal Code previously defined in specific terms the activities constituting the unauthorized practice of law. This article, however, has been repealed by the Texas Legislature. Acts 1973, 63rd Leg., ch. 399, §1 at 883. Article 320a-1, V.T.C.S., of the State Bar Act, now controls determinations of whether or not an activity constitutes the unauthorized practice of law.

Article 320a-1 establishes the State Bar of Texas as a regulatory agency of Texas' state government and has endowed the State Bar with disciplinary and rulemaking powers governing the practice of law in Texas. The article states, in pertinent part, the following:

> Sec. 19(a). For purposes of this Act, the practice of law embraces the preparation of pleadings and other papers incident to actions of special proceedings and the management of actions and proceedings on behalf of clients before judges in courts as well as services rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge. . . . This definition is not exclusive and does not deprive the judicial branch of the power and authority both under this Act and the adjudicated cases to determine whether other services and acts not enumerated in this Act may constitute the practice of law.

V.T.C.S. art. 320a-1, §19(a). All acts which constitute an "unauthorized practice of law" are not enumerated in the statute. Apparently the State Bar of Texas and the state's judicial branch must apply the statute on a case-by-case basis with regard to the attendant circumstances. See Grievance Committee of State Bar of Texas, Twenty-first Congressional District v. Dean, 190 S.W.2d 126 (Tex. Civ. App. - Austin 1945, no writ).

While the State Bar Act requires any individual who wants to practice law first to obtain a license, neither the State Bar nor the state judiciary has promulgated rules which specifically define those

acts constituting the practice of law.  See Grievance Committee, State Bar of Texas, Twenty-first Congressional District v. Coryell, 190 S.W.2d 130 (Tex. Civ. App. - Austin 1945, writ ref'd w.o.m.); V.T.C.S. art. 320a-1.  Case law, however, has in some part provided standards by which legal conduct may be judged.

A determination of whether or not an individual has engaged in an unlicensed, unauthorized legal practice can be determined by an examination of the services rendered and their relationship to the public interest.  See Grievance Committee v. Coryell, supra; Grievance Committee v. Dean, supra.  The practice of law includes

> the preparation of pleadings and other papers incident to actions of special proceedings, and the management of such actions and proceedings on behalf of clients before judges in courts.

Davies v. Unauthorized Practice Committee of the State Bar of Texas, 431 S.W.2d 590, 593 (Tex. Civ. App. - Tyler 1968, writ ref'd n.r.e.); V.T.C.S. art. 320a-1, §19a.  The practice of law is not confined to cases conducted in court; it includes the giving of advice and rendering of conclusions which require the use of legal skill.  Hughes Fort Worth National Bank, 164 S.W.2d 231, 234 (Tex. Civ. App. - )rt Worth 1942, writ ref'd).  Whether compensation is paid to an individual performing services is irrelevant.  Grievance Committee v. Coryell, supra, at 130-131.  A layman is engaging in the unauthorized practice of law when that individual, by words or conduct, renders legal advice or services to others.  Quarles v. State Bar of Texas, 316 S.W.2d 797, 802 (Tex. Civ. App. - Houston 1958, no writ), cert. denied, 368 U.S. 986 (1962).

As previously stated, individuals have the privilege of representing themselves in legal matters; they are simply not permitted to appear on behalf of another individual or entity.  Collins v. O'Brien, 208 F.2d 44, 45 (D.C. Cir. 1953), cert. denied, 347 U.S. 944 (1954).  Corporations and partnerships, therefore, must be represented by licensed attorneys.  They may not be represented by officers and/or agents of the partnership or corporation -- regardless of the individual's relationship to or position in the company -- if those persons are not licensed attorneys.  Globe Leasing, Inc. v. Engine Supply and Machine Service, 437 S.W.2d 43, 45 (Tex. Civ. App. - Houston [1st Dist.] 1969, no writ); Flora Construction Company v. Fireman's Fund Insurance Company, 307 F.2d 413, 414 (10th Cir. 1962), cert. denied, 373 U.S. 919 (1963).

Turning to the three fact situations outlined in your request, we believe that in each instance bondsmen are engaging in the unauthorized practice of law.  The first situation shows a lay person )t only representing the bonding company for which he or she works ut also the company's clients' interest.  We believe that this action

violates article 320a-1, V.T.C.S., and the above referenced standards established by case law.

In the second situation a lay person is seeking to represent a partnership. Partnerships must be represented by licensed attorneys. Globe Leasing, Inc. v. Engine Supply and Machine Services, supra. The bondsman, therefore, is engaging in an unauthorized practice of law.

The final fact outline shows a lay person representing a corporation in court and by filing motions on the corporation's behalf. We believe that these actions constitute an unauthorized practice of law. Globe Leasing, Inc. v. Engine Supply and Machine Service, supra. The agreement between the lay person and the client company which requires the lay person to reimburse the client for bond forfeitures for which the client is liable is irrelevant to a determination of whether an unauthorized practice of law has occurred. See Grievance Committee v. Coryell, supra at 130.

### S U M M A R Y

We believe that the three fact situations outlined in your letter constitute the unauthorized practice of law because lay persons render legal advice and represent individuals and entities other than themselves.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Laura Martin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
Colin Carl
Laura Martin
Jim Moellinger
Nancy Sutton