

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

March 13, 1986

Honorable Sam D. Millsap, Jr.
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas    78205

Opinion No. JM-451

Re: Representation of parties in forcible entry and detainer suits by "authorized agents" under section 24.009 of the Texas Property Code

Dear Mr. Millsap:

You ask several questions about section 24.009 of the Texas Property Code, enacted by the Sixty-ninth session of the legislature:

> In forcible detainer suits in justice court for nonpayment of rent or holding over beyond a rental term, <u>the parties may represent themselves or be represented by their authorized agents, who need not be attorneys.</u> In any forcible detainer or forcible entry and detainer suit in justice court, an authorized agent requesting or obtaining a default judgment need not be an attorney. (Emphasis added).

Acts 1985, 69th Leg., ch. 891, at 6479.[1]

You submit several questions about this provision, which we summarize as follows:

> 1. Who is an 'authorized agent' under section 24.009 of the Property Code?
>
> 2. May corporations, partnerships, real estate brokers or the employees of such entities or individuals practice law under this statute?
>
> 3. What proof of authority should be required of an agent appearing in a forcible entry and detainer matter under section 24.009 of the Property Code?

---

1. The Sixty-ninth session of the legislature enacted two provisions codified as section 24.009 of the Texas Property Code. <u>See</u> Acts 1985, 69th Leg., ch. 747, at 5376 (warehouseman's lien).

Section 24.009 of the Property Code expressly permits persons who are not licensed as attorneys to represent parties in forcible detainer and forcible entry and detainer suits in justice courts. See Property Code §§24.001, 24.002 (defining forcible entry and detainer and forcible detainer). Article 320a-1, V.T.C.S., the State Bar Act, defines the practice of law as follows:

> For purposes of this Act, the practice of law embraces the preparation of pleadings and other papers incident to actions of special proceedings and <u>the management of the actions and proceedings on behalf of clients before judges in courts</u> as well as services rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined. <u>This definition is not exclusive and does not deprive the judicial branch of the power and authority both under this Act and the adjudicated cases to determine whether other services and acts not enumerated in this Act may constitute the practice of law.</u>   (Emphasis added).

Sec. 19(a). Section 24.009 of the Property Code authorizes certain persons to engage in what would be the practice of law in the absence of that provision. See generally Attorney General Opinion JM-56 (1983). It thus provides a legislative exception to the earlier enacted section 10(a) of article 320a-1, V.T.C.S., which prohibits "[a]ll persons not members of the State Bar . . . from practicing law. . . ." See Allied Finance Company of Bay City v. Falkner, 397 S.W.2d 846 (Tex. 1965) (a later expression of legislative will constitutes an implied repeal of previous inconsistent law).

The judiciary, however, has inherent power to determine what is the practice of law on a case by case basis, unconfined by statute. Unauthorized Practice Committee, State Bar of Texas v. Cortez, 692 S.W.2d 47, 50 (Tex. 1985); Grievance Committee of State Bar of Texas, Twenty-First Congressional District v. Dean, 190 S.W.2d 126, 128 (Tex. Civ. App. - Austin 1945, no writ). The practice of law is also subject to regulation by the legislature as a profession affected with the public interest, but the legislature acts in aid of the judiciary, not to the exclusion of the constitutional powers of the judiciary. Bryant v. State, 457 S.W.2d 72, 78 (Tex. Civ. App. - Eastland 1970, writ ref'd n.r.e.). See Tex. Const. art. II, §1; Supreme Court of Texas, Order adopting State Bar Act (1979) (codified following V.T.C.S. art. 320a-1).

We believe the legislation codified as section 24.009 of the Property Code is not inconsistent with the judicial treatment of this matter. The Texas Supreme Court has promulgated Rule 747a of the Texas Rules of Civil Procedure:

> In forcible entry and detainer cases for non-payment of rent or holding over beyond the rental term, the parties may represent themselves or be represented by their authorized agents in justice court.

Attorney General Opinion JM-56 (1983) construed this rule in light of the Supreme Court's constitutional authority to establish rules of procedure "not inconsistent with the laws of the State for the government" of the courts. Tex. Const. art. V, §25. This constitutional provision expressly limits the inherent power the courts might otherwise have to establish their rules of procedure. To avoid finding Rule 747a inconsistent with article 320a-1, V.T.C.S., Attorney General Opinion JM-56 construed "agents" to mean "attorney agents":

> To the extent that rule 747a purports to authorize the practice of law by unlicensed persons, we believe that it would be held unconstitutional. Where a rule of the Supreme Court conflicts with a statute, the rule must yield. . . . In our opinion, therefore, 'authorized agents' as used in Rule 747a should be construed to mean 'attorney agents.'

Attorney General Opinion JM-56 (1983) (citation omitted). Rule 747a, on its face, attempts to authorize agents who are not attorneys to appear in forcible entry and detainer suits, as Attorney General Opinion JM-56 implicitly acknowledges. Section 24.009 of the Texas Property Code seeks to carry out the apparent intent of Rule 747a, and for that reason, we believe the legislature enacted that provision in aid of the judiciary, and not in contravention of its constitutional powers. See Bryant v. State, supra.

Your questions are phrased in general terms, and must be given general answers. The appointment of particular nonlawyer agents may raise additional legal questions which must be answered on a case-by-case basis.

A corporation or a business entity which is a party to a forcible entry and detainer suit may be represented by an "authorized agent" under section 24.009. We believe an "authorized agent" under section 24.009 of the Property Code may only be a natural person and may not be a corporation or other business entity. The "authorized agent" is to act analogously to a licensed attorney, who is necessarily an

individual. See V.T.C.S. art. 320a-1, §10. See also Ackley v. State, 592 S.W.2d 606 (Tex. Crim. App. 1980); Tamburine v. Center Savings Association, 583 S.W.2d 942 (Tex. Civ. App. - Tyler 1979, writ ref'd n.r.e.) (defining "agent"). Moreover, section 24.009 of the Property Code uses the personal pronoun "who" to refer to "authorized agents, who need not be attorneys."

The judicial decision in Holloway v. Paul O. Simms Co., 32 S.W.2d 672, 673-74 (Tex. Civ. App. - Austin 1930, no writ) is helpful on your question about the proof of authority required of an agent appearing in justice court under section 24.009 of the Property Code. This decision considered former article 3977, V.T.C.S., now codified as Rule 739 of the Texas Rules of Civil Procedure, which governs issuance of citation in a forcible entry and detainer proceeding. Rule 739, which is identical to former article 3977, V.T.C.S., as to the language relevant to our inquiry, provides in part:

> When the party aggrieved or his authorized agent shall file his written sworn complaint with such justice, the justice shall immediately issue citation. . . . (Emphasis added).

Tex. R. Civ. Proc. 739. The defendant-appellant in Holloway v. Paul O. Simms, supra, argued that the affidavit upon which citation issued was void and would not sustain the suit, contending that, in addition to other defects, the affidavit was made by an agent who did not reveal his agency. The court stated that these matters were raised for the first time after the case reached the county court on appeal, that appellant had already contested the suit on the merits, "and no special plea attacking the lack of authority of the agent was ever filed." Holloway v. Paul O. Simms Co., 32 S.W.2d 672, 673 (Tex. Civ. App. - Austin 1930, no writ). The affidavit was held to be sufficient for the following reasons:

> Numerous authorities hold that where an agent makes an affidavit under procedural statutes like the forcible detainer statutes, which do not require the agent to swear to his agency, the affidavit is sufficient if it reasonably appears therefrom that affiant is agent, and especially is this the rule where no attack is made upon the authority of the agent.

32 S.W.2d at 673-74.

Texas law presumes that an attorney is authorized to act for any person whom he professes or appears to represent. Fowler v. Morrell, 8 Tex. 153 (1852); National Bond & Investment Co. v. McCoy, 263 S.W. 1089, 1090 (Tex. Civ. App. - Amarillo 1924, no writ). Rule 12 of the

Texas Rules of Civil Procedure provides that a party to a suit may challenge the authority of another party's attorney to act in the suit. See Victory v. State, 158 S.W.2d 760, 766 (Tex. 1942); Valley International Properties Inc. v. Brownsville Savings and Loan Association, 581 S.W.2d 222, 226 (Tex. Civ. App. - Corpus Christi 1979, no writ). See also Tex. R. Civ. Proc. 8 (lead attorney defined).

No statute or rule comparable to Rule 12 applies to "authorized agents" under section 24.009 of the Property Code. Nonetheless, the method of challenging the authority of "authorized agents" stated in Holloway v. Paul O. Simms Co., supra, resembles the method of challenging an attorney's authority established by Rule 12 and by judicial decisions. In our opinion, the authority of an "authorized agent" to represent a party to a forcible entry and detainer suit under section 24.009 of the Property Code is to be presumed. If another party questions the agent's authority for the purported representation, he must raise the matter in the justice court, and not for the first time on appeal. See Tex. R. Civ. Proc. 85 (pleas contained in answer to complaint).

## S U M M A R Y

Section 24.009 of the Texas Property Code authorizes the parties in certain forcible detainer and forcible entry and detainer suits in justice court to be represented by "authorized agents" who are not attorneys. This statute creates an exception to the prohibition in article 320a-1, V.T.C.S., against the practice of law by persons not licensed as attorneys. Authorized agents under section 24.009 must be individuals and not business entities. An agent's authority under section 24.009 of the Property Code is to be presumed. Any challenge to the agent's authority by another party must be raised in justice court and not for the first time on appeal.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General