

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 18, 1957

Honorable Ralph Prince             Opinion No. WW-299
Criminal District Attorney
Gregg County                       Re: Under the provisions of Chap-
Longview, Texas                        ter 240, page 501, Vernon's
                                       Annotated Civil Statutes, Ar-
                                       ticle 4565g, regulating the
                                       practice of optometrists,
                                       what is the meaning and sig-
                                       nificance of the word "soli-
Dear Mr. Prince:                       cit" and related questions?

          You have requested the opinion of this Department on
the proper construction of Chapter 240, Article 4565g, Tex.Civ.
Stat. (Vernon, 1948), as amended, as such Act relates to the
following questions:

          "1.  Does the use of the word "solicit" as used
     in the act preclude bona fide advertising of prices,
     premiums, discounts, and gifts in newspapers or tele-
     vision so long as such ads are not fraudulent, deceit-
     ful, or misleading, or so long as such ads do not tend
     to create a misleading impression?

          "2.  Since the caption of the act does not in-
     clude the prohibition against the soliciting of pa-
     tients or patronage for an optometrist, does this
     omission therefrom destroy the validity of that part
     of the body of the act purporting to prohibit the so-
     licitation of patients or patronage for an optometrist?"

          Article 4565g, Tex.Civ.Stat. (Vernon, 1948) as amended
by Senate Bill No. 104, Acts 55th Legislature, Regular Session,
1957, Vernon's Texas Session Law Service, page 501, provides as
follows :

          "Article 4565g.
          "Nothing in this Act shall be construed so as to
     prevent an ophthalmic dispenser, who does not practice
     medicine or optometry as defined by the laws of this
     State, from preparing, filling, duplicating, compound-
     ing or adapting ophthalmic prescriptions, dispensing
     ophthalmic lenses, products and accessories, in accord-
     ance with the specific directions of a prescription

written and signed by a licensed physician or optometrist; provided, however, the fitting of contact lenses shall be done only under the direct supervision of a licensed physician or licensed optometrist as defined by the laws of this state. It shall be unlawful for any person, firm or corporation in this state to solicit patients or patronage for any individual licensed as a physician or optometrist, or for physicians or optometrists as professional groups, or to publish, cause or allow to be published any statement or advertisement concerning ophthalmic lenses, frames, eye-glasses, spectacles or parts thereof which is fraudulent, deceitful, misleading, or which in any manner whatsoever tends to create a misleading impression, including statements or advertisements of bait, discount, premiums, price, gifts or any statements or advertisements of a similar nature, import or meaning."

The caption of the amendatory Act states in part:

"An Act relating to ophthalmic dispensers; providing certain exemptions for ophthalmic dispensers from the provisions of Title 71, Chapter 10, Revised Civil Statutes of Texas; amending Article 4565g, Revised Civil Statutes of Texas, allowing ophthalmic dispensers to prepare, fill, compound, and adapt ophthalmic prescriptions, dispense ophthalmic lenses, products and accessories in accordance with the specific directions of a prescription written and signed by a licensed physician or optometrist; . . ."

Considering your second question first, the above quoted portion of the caption of the amendatory Act specifically describes certain provisions which are contained in the amended Article 4565g. It should be noted that such caption does not merely state that Article 4565g is amended and then proceed to enumerate the provisions of the original Act. To the contrary, it specifically enumerates the provisions of the Act in its amended form. It does not contain any language which could give the reader of the caption an indication that the amendment contains a further provision relating to solicitation. The portion of the amended Act relating to the solicitation of patients, and to publication of certain statements and advertisements, is a new law in the sense that no similar provision was contained in Article 4565g prior to the amendment. It is obvious from the reading of the statute that

Article 4565g, prior to the amendment, and the first portion thereof, subsequent to the amendment, relates to a limitation placed upon ophthalmic dispensers from the performance of certain acts relating to preparation, filling, duplicating, compounding or adapting prescriptions, or dispensing lenses, without specific direction of a prescription written and signed by a licensed physician or optometrist.  The latter portion of the amended Act relating to the solication of patients and publication of certain statements or advertisements, though relating to the field of optometry, nevertheless is a completely separate and unrelated prohibition from that contained in the first portion of the Act and which is described in the caption thereof.

It is well settled that the introduction of the "new substantive matter in the amendatory Act not germane or pertinent to that contained in the original section" characterizes the amendatory Act as independent legislation upon a matter not expressed in the title of the Act, and that the portion of the amendatory Act which contains the new substantive provision is rendered void.  Katz v. State, 122 Tex.Crim.R. 231; 54 S.W.2d 130.  With this rule in mind, we now look back to the caption of the amendatory Act and see that it is stated therein that such Act amends Article 4565g in certain particular respects, without mentioning the addition of the new solicitation and publication provision.  The rule as stated in the Katz case was also followed in Walker v. State, 134 Tex.Crim.R. 500, 116 S.W. 2d 1076, and in Board of Water Engineers of the State of Texas v. City of San Antonio, ___ Tex. ___, 283 S.W.2d 722.

We conclude that the provisions in the amended Act relating to solicitation and publication of certain statements or advertisements is new substantive matter which has been added in the amended statute and which is not sufficiently germane or pertinent to that contained in the original Act to abrogate the necessity  of specifying the addition in the caption of the amendatory legislation.  It is our view, therefore, that the portion of Article 4565g, Tex.Civ.Stat. (Vernon, 1948), as amended, which relates to the solicitation of patients and to the publication of certain statements or advertisements concerning ophthalmic lenses, frames, eye-glasses, spectacles or parts thereof, is void.  Since we have answered your second question in the affirmative, it is unnecessary to consider the first question which you submitted.

## SUMMARY

The portion of Article 4565g, Tex.Civ.Stat. (Vernon, 1948), as amended, relating to the solicitation of patients, and to the publication of certain statements or advertisements is void since such provision was not contained in the original section and since the subject of this new substantive matter in the amendatory Act is not expressed in the title thereof.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *B. H. Timmins, Jr.*

B. H. Timmins, Jr.
Assistant

BHT:pf:wb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
J. Mark McLaughlin
Leonard Passmore
C. K. Richards
Marietta McGregor Payne

REVIEWED FOR THE ATTORNEY GENERAL

BY:  James N. Ludlum