## C. D. WALKER V. THE STATE.

No. 19766. Delivered May 11, 1938.

The opinion states the case.

*Fred O. Jaye,* of DeLeon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile on a public highway while intoxicated; the punishment, a fine of fifty dollars and confinement in jail for five days.

Article 802, P. C., as amended by Chapter 424, Acts of the First Called Session of the 44th Legislature, reads as follows: "Any person who drives or operates an automobile or any motor vehicle upon any street or alley or any other place within the limits of any incorporated city, town, or village or upon any public road or highway in this State while such person is intoxicated, shall be confined in the penitentiary for not more than two (2) years, or be confined in jail for not less than thirty (30) days nor more than ninety (90) days, or fined not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500) or be punished by both such fine and imprisonment in jail."

The foregoing article was amended by House Bill No. 120, Acts of the Regular Session of the 45th Legislature, from which we quote as follows:

"AN ACT amending Article 802, Penal Code of Texas, 1925, as amended by Chapter 424, Acts of the First Called Session, Forty-fourth Legislature, and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. [Intoxicated Drivers—Punishment.]

"That Article 802, Penal Code, 1925, as amended by Chapter

424, House Bill No. 93, Acts of the First Called Session of the Forty-fourth Legislature, be amended so as to hereafter read as follows:

" 'Article 802. Any person who drives or operates an automobile or any other motor vehicle upon any street or alley, or any other place within the limits of any incorporated city, town, or village, or upon any public road or highway in this State while such person is intoxicated, or in any degree under the influence of intoxicating liquor, shall upon conviction be confined in the penitentiary for not more than two (2) years, or be confined in the county jail for not less than five (5) days nor more than ninety (90) days and fined not less than Fifty Dollars ($50.00) nor more than Five Hundred Dollars ($500.00).' "

Appellant attacks the caption of the act, insisting that it is violative of Section 35, Article 3, of the Constitution. The applicable portion of the cited section of the Constitution reads: "No bill * * * shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

Generally, a reference to a number of an article in a code, such as our revised statutes, is sufficient in the title of an act amendatory thereof, to allow any amendment germane to the subject treated in the article referred to. Katz v. State, 54 S. W. (2d) 130; English and Scottish American Mortgage and Investment Co. v. Hardy, 93 Texas 289, 55 S. W. 169; State v. McCracken, 42 Texas 384; Lowe et al. v. Commissioners' Court of Val Verde County et al., 69 S. W. (2d) 153; Nichols v. State, 23 S. W. 680. We quote from 39 Tex. Jur. 102, as follows:

"The title of an amendatory act is ordinarily sufficient to allow any amendment germane to the subject of the original statute, if it properly specifies the chapter and section, or the revision and article, to be amended. When the title of the original act is sufficient to embrace the matters covered by the provisions of the amendatory act, the title of the latter act is not required to state the subject of the law amended or to specify the nature of the proposed amendment. But new substantive matter contained in an amendment, which is not germane or pertinent to that contained in the provision amended, is invalid as legislation upon a matter not expressed in the title of the amendatory act."

Appellant cites Rother v. State, 55 S. W. (2d) 98, and Ex parte Heartsill, 38 S. W. (2d) 803, in support of his contention that the caption is insufficient. It is observed that in those cases, in addition to the statement of a purpose to amend certain articles of the penal code, the titles specified the nature of the amendments. Again we quote from 39 Tex. Jur. 103, as follows: "A title that specifies the particular field an amendment is to cover or states a purpose to make a certain change in the prior law, and that is not merely descriptive of the matter to which the law relates, limits the amendatory act to the making of the change designated and precludes any additional, contrary or different amendment." In support of the text many authorities are cited, among them being Gulf Production Company v. Garrett, 24 S. W. (2d) 389; Ex parte Heartsill, supra; and Hamilton v. St. Louis, S. F. & T. R. Co., 283 S. W. 475.

The title of the statute under consideration does not specify the particular field the amendment covers. It merely specifies the article of the Penal Code to be amended. The provisions of the amendatory act are germane to the subject of Article 802, P. C.

Giving application to the principles controlling, we are constrained to hold the title sufficient to meet the requirements of Section 35, Article 3, of the Constitution. It follows that we are unable to sustain appellant's contention that the act is unconstitutional.

If the language "in any degree under the influence of intoxicating liquor," as embraced in the statute, is so vague and indefinite as to make it obnoxious to the provisions of our Constitution, the use of such language did not have the effect of invalidating the statute. That part of the statute denouncing as an offense the driving of an automobile upon a public highway while intoxicated has been upheld. See Herring v. State, 35 S. W. (2d) 737. It is observed that the indictment charged the driving while intoxicated and "while in a degree under the influence of intoxicating liquor." Rejecting the last allegation as surplusage, the indictment still charges appellant with having driven his automobile while intoxicated. In his charge the court required the jury to believe beyond a reasonable doubt that appellant was intoxicated at the time he drove his automobile upon the public highway.

The record is before us without a statement of facts or bills of exception.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.