

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

OVERRULED BY AMENDMENT
TO ART. 1577
60th Legislature

August 31, 1953

Hon. J. M. Nuessle
County Attorney
Eastland County
Eastland, Texas

Opinion No. S-93

Re: Constitutionality of Article
1577, Vernon's Civil Stat-
utes, as amended by 53rd
Legislature, relating to
sale of unneeded right-of-
way by county.

Dear Mr. Nuessle:

Your request for our opinion as to the constitu-
tionality of a portion of Chapter 133, Acts of the 53rd Legis-
lature, 1953, amending Article 1577, Vernon's Civil Statutes,
reads in part as follows:

"The title to said act, as amended, con-
tains, after the second semicolon, the following:
'providing that where right-of-way property is
conveyed by the State to a county and the county
decides to sell such property, it shall be sold
with certain priorities of purchase;'. The third
sentence of the act itself, as amended, contains
the following: 'Provided, however, that where
abandoned right-of-way property is no longer
needed for highway or road purposes and the
county decides to sell said right-of-way proper-
ty, it shall be sold with the following priorities:
(1) to abutting or adjoining landowners; (2) to
the original grantors, his heirs or assigns of the
original tract from whence said right-of-way was
conveyed; or (3) at public auction as provided
above.' My specific inquiry is whether quoted
portion of the act is valid and constitutional."

Section 35 of Article III, Constitution of Texas,
provides as follows:

"No bill . . . shall contain more than one
subject, which shall be expressed in its title.
But if any subject shall be embraced in an act,
which shall not be expressed in the title, such
act shall be void only as to so much thereof,
as shall not be so expressed."

It will be observed that Chapter 133 was passed
as an amendment of Article 1577. Prior to the amendment
there was no reference in said article to priorities in the
sale of real estate by counties. The caption of said amenda-
tory act in regard to such priorities reads as follows: "pro-
viding that where right-of-way property is conveyed by the
State to a county . . . it shall be sold with certain priorities
of purchase." (Emphasis added.)

The provisions contained in the body of the amend-
ment in regard to priorities of sale would apply to all aban-
doned right-of-way property no longer needed for highway or
road purposes. Therefore, such provisions purport to apply
to county roads as well as highways, without regard to the
source of title.

As a general rule when the title or caption of an
act is misleading or is too restrictive to cover the body of
the act, those portions of the act not embraced in the title are
void. Ward Cattle & Pasture Co. v. Carpenter, 109 Tex. 104,
200 S.W. 521 (1918); Gulf Production Co. v. Garrett, 199 Tex.
72, 24 S.W.2d 389 (1930); Walker v. State, 134 Tex. Crim. 500,
116 S.W.2d 1076 (1938). It therefore follows that the caption
restricts the body of the act to property conveyed by the State
to a county.

It appears, however, that the invalid portion of
the proviso can be discarded and the remaining portion deal-
ing with abandoned highway right-of-way property conveyed by
the State to a county is valid. As said in Empire Gas & Fuel
Co. v. State, 121 Tex. 138, 165, 47 S.W.2d 265 (1932). "It is
also clear, generally speaking, that where a statute contains
provisions which are legal and others which are not, effect

may be given to the legal provisions by separating them from the illegal." In the instant act the valid provisions are separable and not dependent on the invalid provisions.

In construing the priority provisions of the amendatory act your attention is called to Article 6673a, V.C.S., which provides an exclusive method to be followed by the Highway Commission in disposing of abandoned highway right-of-way. Such statute and the valid portion of the priority provision of the amendatory act here involved should be construed together and the priority provision of Article 1577 could apply only to abandoned highway right-of-way conveyed by the State to counties in accordance with the provisions of Article 6673a, as amended by Chapter 323, Acts of the 53rd Legislature, 1953.

## SUMMARY

That part of Chapter 133, Acts of the 53rd Legislature, 1953, (Art. 1577, V.C.S.) which grants priorities of purchase to certain persons to purchase real estate sold by a county is invalid insofar as it purports to cover any real estate other than abandoned highway right-of-way conveyed by the State to a county. Section 35, Article III of the Constitution of Texas.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewer

Burnell Waldrep
Executive Assistant

John Ben Shepperd
Attorney General

EB:da

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By Eugene Brady
Eugene Brady
Assistant