ROBERT K. SHANNON ET AL v. S. J. ROGERS ET AL

No. A-6674. Decided June 25, 1958.
Rehearing Overruled July 23, 1958.
(314 S.W. 2d Series 810)

*Henry Klepak* of Dallas, and *Dan Moody,* of Austin, for appellants.

On the proposition that the material sentence in the body of the bill is not expressed in the caption thereof. Board of Water Engineers v. City of San Antonio, 155 Texas 111, 283 S.W. 2d 722; Gulf Ins. Co. v. James, State Treasurer, 143 Texas 424, 185 S.W. 2d 966.

*Keith, Mehaffy, McNicholas & Weber* and *Quentin Keith,* all of Beaumont, for appellees.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

ON MOTION FOR REHEARING

On motion for rehearing the opinion handed down on April 16, 1958, is withdrawn and the following substituted therefor.

By this direct appeal pursuant to Article 1738a, Vernon's Texas Civ. Stats., and Rule 499a, Texas Rules Civil Procedure, the appellants Shannon et al., licensed practitioners of optometry, attack a temporary injunction issued by the trial court against certain professional advertising on their part, the injunction being based entirely upon an amendment to Art. 4565g, Vernon's Texas Civ. Stats., and issued over the appellants' plea that the portion of the amendment alleged to prohibit such advertising is void by reason of defectiveness of the caption under Art. III, Sec. 35, Vernon's Texas Const. Our holding is that, while the particular provision is constitutional, the injunction must be dissolved.

The appellees-plaintiff, Rogers et al., are licensed competitors of the appellants in the practice of optometry, a profession or occupation somewhat elaborately regulated by Chapter 10, Arts. 4552-4566, inc., of Title 71, Revised Civil Statutes of 1925, to Art. 4565g, of which the provision now in question was added in 1957, the amending act being Ch. 240, Acts 55th Leg., Reg. Sess., p. 501, and known as S. B. No. 104. Both the original Art. 4565g and the amending act and caption thereof are rela-

tively short, and accordingly both the former[1] and the latter[2] are fully copied as footnotes. Since the amending act deals *also* with paragraph (1) of Art. 4565d, the original of the latter is copied in a third footnote.[3]

---

1.—"Art.4565g. Optical mechanics.—Nothing in this Act shall be so construed as to prevent an optical mechanic from doing the merely mechanical work of manufacturing ophthalmic lenses or to prevent the sale of such ophthalmic lenses to those who are licensed and legally qualified to prescribe them, nor to prevent such optical mechanic, who does not practice optometry, from following the specific directions of a competently and legally signed prescription where he does no more than manufacture or dispense the spectacles or eye-glasses, or component parts thereof, called for by such prescription. Nor shall this Act be so construed as to prevent selling ready-to-wear spectacles or eye-glasses as merchandise at wholesale to merchants for purposes of resale as merchandise, as provided for in this Act when neither the wholesaler nor merchant to whom he sells practices optometry."

---

2.—"An Act relating to ophthalmic dispensers; providing certain exemptions for ophthalmic dispensers from the provisions of Title 71, Chaper 10, Revised Civil Statutes of Texas; amending Article 4565g, Revised Civil Statutes of Texas, allowing ophthalmic dispensers to prepare, fill, compound, and adapt ophthalmic prescriptions, dispense ophthalmic lenses, products and accessories in accordance with the specific directions of a prescription written and' signed by a licensed physician or optometrist; amending Article 4565d(1), Revised Civil Statutes of Texas, allowing ophthalmic dispensers to measure interpupillary distances and make facial measurements for the purpose of dispensing or adapting ophthalmic prescriptions, products and accessories in accordance with the specific directions of a written prescription signed by a licensed physician or optometrist; prohibiting fraudulent, deceitful or misleading statements concerning ophthalmic lenses, eyeglasses, spectacles and other optical goods; repealing all laws and parts of laws in conflict with this Act and declaring that the remainder of this Act shall not be affected by the unconstitutionality of any parts thereof; and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1.  Article 4565g of the Revised Civil Statutes of Texas is amended so as to hereafter read as follows:

" 'Article 4565g.

" 'Nothing in this Act shall be construed so as to prevent an ophthalmic dispenser, who does not practice medicine or optometry as defined by the laws of this State, from preparing, filling, duplicating, compounding or adapting ophthalmic prescriptions, dispensing ophthalmic lenses, products and accessories, in accordance with the specific directions of a prescription written and signed by a licensed physician or optometrist; provided, however, the fitting of contact lenses shall be done only under the direct supervision of a licensed physician or licensed optometrist as defined by the laws of this state. It shall be unlawful for any person, firm or corporation in this state to solicit patients or patronage for any individual licensed as a physician or optometrist, or for physicians or optometrists as professional groups, or to publish, cause or allow to be published any statement or advertisement concerning ophthalmic lenses, frames, eyeglasses, spectacles or parts thereof which is fraudulent, deceitful, misleading, or which in any manner whatsoever tends to create a misleading impression, including statements or advertisements of bait, discount, premiums, price, gifts or any statements or advertisements of a similar nature, import or meaning.'

"Sec. 2.  Amend Subsection (1) of Article 4565d of the Revised Civil Statutes of Texas so as to hereafter read as follows:

" 'Article 4565d (1).

" 'Prescribing or supplying, directly or indirectly, lenses or prisms, by the employment of objective or subjective means or the making of any measurements whatsoever involving the eyes or the optical requirements thereof; provided, however, that nothing in this Act shall be construed so as to prevent an ophthalmic dispenser, who does not practice optometry, from measuring interpupillary dis-

It will be noted that the critical provision in the amending act is the last sentence of Art. 4565g as rewritten, reading as follows:

"It shall be unlawful for any person, firm or corporation in this state * * * * to publish * * * * any statement or advertisement concerning ophthalmic lenses, frames, eyeglasses, spectacles or parts thereof which is fraudulent, deceitful, misleading, or which in any manner whatsoever tends to create a misleading impression, including statements or advertisements of bait, discount, premiums, price, gifts, or any statements or advertisements of a similar nature, import or meaning."

The case was evidently heard below on the pleadings, the reference in the decree to the hearing of evidence apparently having to do with a hearing on venue and other matters not going to merits.

---

tances or from making facial measurements for the purpose of dispensing, or adapting ophthalmic prescriptions or lenses, products and accessories in accordance with the specific directions of a written prescription signed by a licensed physician or optometrist; provided, however, the fitting of a contact lenses shall be done only under the direct supervision of a licensed physician or licensed optometrist as·defined by the laws of this state.'

"Sec. 3. All laws and parts of laws in conflict with this Act are hereby repealed.

"Sec. 4. If any article, section, subsection, sentence, clause or phrase of this Act, is, for any reason, held to be unconstitutional, such decision shall not affect the validity of any remaining portions of this Act. The Legislature hereby declares that it would have passed this Act, and each section, subsection, sentence, clause or phrase thereof, irrespective of the fact that any one or more sections, subsections, sentences, clauses or phrases thereof are declared unconstitutional.

"Sec. 5. The fact that there is presently confusion and misunderstanding concerning the exemption of ophthalmic dispensers from certain provisions of the Texas Optometry Act; the fact that it is the intention of the Legislature that ophthalmic dispensers have the right to compound, duplicate, fill and adjust ophthalmic prescriptions of licensed physicians and optometrists; and the fact that such confusion and misunderstanding reacts to the injury of the visual health and safety of the people of the State of Texas, create an emergency and an imperative public necessity that the Constitutional Rule that bills be read on three several days in each House be suspended; and such Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted." Ch. 240, Acts. 55th Leg., Reg. Sess., 1957, p. 501.

---

3.—"Art. 4565d. 'Fitting Lenses.'—For the purpose of this Act the words 'and fitting lenses or prisms,' as employed in Article 4552, shall be construed to include:

"(1) Prescribing or supplying, directly or indirectly, lenses or prisms, by the employment of objective or subjective means or the making of any measurements whatsoever involving the eyes or the optical requirements thereof:

"(2) The adaptation or supplying of lenses or prisms to correct, relieve or remedy any defect or abnormal condition of the human eye or to correct, relieve or remedy or attempt to correct, relieve or remedy the effect of any defect or abnormal condition of the human eye.

"(3) It shall be construed as a violation of this Act for any person not a licensed optometrist or a licensed physician to do any one thing or act, or any combination of things or acts, named or described in this article."

According to the verified original petition of the appellants-defendant, the factual basis of the suit is an advertisement published on and after January 1, 1958, by the appellants-defendant, a substantially correct description thereof being as follows:

"SINGLE VISION GLASSES
* * AS LOW AS $12.50

(Picture of a man wearing glasses)

COMPLETE OPTICAL SERVICE )
)
• Eyes Examined )
• Glasses Fitted )        (Picture of
• Lenses duplicated )      eyeglasses)
• Choice of many frame styles )
   E - A - S - Y   CREDIT
No Money Down
Pay just $1 weekly           DOUGLAS
499 Pearl St.                  Optical
             Offices at
          ZALES Jewelers"

The appellees-plaintiff alleged that said advertisement, and such similar advertisements as would thereafter be published but for legal restraint, were in violation of the above quoted portion of amended Art. 4565g, the sense of the pleading being that the advertisements were illegal because they "included a statement as to the price of spectacles by the respondents."

The decree of the trial court, after reciting that the appellants-defendant "began * * * to advertise the price of spectacles or eyeglasses which included therein statements of the price thereof" and "That the said advertisements * * * constituted a violation of Article 4565g * * * as amended * * *," proceeded to enjoin the appellants-defendant "from the further violation of Article 4565g (otherwise known as Senate Bill No. 104, Acts 55th Legislature, Regular Session, 1957), by publishing, causing, or allowing to be published any statement or advertisement concerning ophthalmic lenses, frames, eyeglasses, spectacles or parts thereof which include therein any statements or advertisements of price or any statements or advertisements of a similar nature, import or meaning, either in newspapers, by radio broadcast, television, billboard signs, or otherwise * * *."

■ Although undoubtedly the caption is irregularly drawn, we

34

do not consider the variances between it and the particular provision in question sufficiently grave to warrant our declaring the latter invalid, especially in the light of the liberal view customarily indulged by this Court in respect of captions. See Central Education Agency v. Independent School Dist., 152 Texas 56, 254 S.W. 2d 357.

The variance most heavily attacked by the appellants-defendant is that whereby the caption indicates that amended Art. 4565g is to contain only certain provisions (specifying particular activities as being permissible to ophthalmic dispensers) whereas the article as written (rewritten) in the body of the act contains not only these provisions, but also the provision with which we are here concerned and which is a prohibitory provision having no close relationship to the permissible activities stated. Our reason for not regarding this obvious variance as fatal to the provision in question is that the caption actually does contain a reference to that provision. The caption thus having announced that the body of the act (bill) would contain such a provision, the fact that the body of the act puts it in a place (rewritten 4565g) where the caption indicates it would not be put, does not, in our opinion, constitute a failure to state the subject matter of the provision in the caption, which is all the constitution requires.

The constitutional provision is, of course, directed at pending legislation. Doeppenschmidt v. International & G. N. R. Co., 100 Texas 532, 101 S.W. 1080, 1081. In so far as it deals with captions of bills, as distinguished from the matter of multiple subjects thereof, its object is to facilitate and protect the legislative process by ... legislators and other interested people a ready and rea... accurate means of knowledge of the contents of bills with ... their having to read the full text.

The Constitution pla... ption will be read; and ... a bill to contain a pa... here is no requiremen... inged in the particular ... ion so as to avoid a p... ne caption indicates it... ation that, although t... the bill's) title," and a... s thereby told that th... reader may, nevertheless... hill, properly assume tha...

...ssumes, however, that the entire ...ch a reading necessarily discloses ...r provision, no more is required. ...the body of the bill shall be ar- ...or sequence indicated by the cap- ...ar provision being placed where ...not be placed. There is no impli- ...ect actually is "expressed in its ...the reader of the title (caption) ...contains a given provision, the ...out reading the whole body of the ...e caption reference was false and

that the body of the bill contains no such provision because he could only find it in a place where the caption indicated it would not be.

We know of no decision which we consider contrary to our foregoing view. Decisions such as Arnold v. Leonard, 114 Texas 535, 273 S.W. 799, and Texas-Louisiana Power Co. v. City of Farmersville, Texas Comm. App., 67 S.W. 2d 235, contemplate situations in which the caption fails to mention a particular provision that is in the bill or in which the caption, while containing general language that might include the provision in question, yet contains also specific language affirmatively indicating that no such provision is to be included. In the instant case, the caption expressly asserts the provision in question to be in the body of the act, contains no language at variance with that assertion, and is consistent with the body of the act to the extent that the latter does contain such a provision.

■ The fact that the act in question adds the provision here under attack to original Art. 4565g, which latter dealt with a somewhat different subject, may, indeed, be defective draftsmanship. But it does not follow, in our opinion, that the caption to the amendatory act has failed to meet the constitutional requirement that the provision be "expressed" therein. As explained in Board of Water Engineers v. City of San Antonio, 155 Texas 111, 283 S.W. 2d 722, a particular provision in the body of an amendatory bill (act) does have to be germane to the original act in order to uphold the caption of the amendatory bill in those cases wherein the caption states merely that the original act is being amended without specifying what the amendment is. The reason for that rule is that the caption in effect tells the reader that the bill contains nothing except what is germane to the original act. The rule has no application to a situation like the present, in which the caption of the amendatory act expressly states that the body of the act includes the new provision in question, although it also states, in effect, that the new provision will be in a different place in the act than that in which it is actually found.

It is argued further that the caption described the bill (act) as one regulating "ophthalmic dispensers," and them only, whereas the corresponding provision of the act itself applies to "any person, firm or corporation in this state," including thereby "optometrists." The difficulty with this argument, as we see it, is that the caption does not refer exclusively to ophthalmic dispensers. The fact that the caption starts with the words, "An

Act relating to ophthalmic dispensers;" does not settle the matter. As before stated, we think the constitution assumes that the reader will read the entire caption. Even considering the quoted words apart from the rest of the caption does not necessarily exclude the idea that the act may bear on others besides ophthalmic dispensers. For illustration, an act might not unreasonably be said to "relate to" ophthalmic dispensers, when all it provides is a prohibition of the public from dealing with ophthalmic dispensers who are not licensed. Moreover, when the rest of the caption is considered, as it must be, we think it still clearer that its reference to misleading statements does not necessarily mean misleading statements made by only those dispensers of glasses and similar goods who do not qualify as optometrists. Neither the caption nor the body of the act necessarily means that a person who is an optometrist cannot be at the same time an ophthalmic dispenser when he sells glasses and similar goods. We think that a person interested in any phase of the activity of supplying such goods, who might read the caption, would probably go on to read the body of the act.

■ It is finally contended that if the act prohibits *all* price advertising, the caption is insufficient, because the latter refers only to advertising that is misleading, whereas, on the other hand, if the act prohibits price advertising only when it is misleading, the injunction is erroneous on its face, since in effect it enjoins all price advertising.

In this behalf, it is the opinion of the court that the act must be construed as prohibiting only such price advertising as is misleading. Such is clearly the sense of those more general words of the act immediately preceding the clause, "including * * * advertisements of * * * price * * *;" and this clause, it is believed, being subordinate to the general language, is at least reasonably susceptible of the construction of merely mentioning, for greater certainty, certain particular aspects of advertising which, if misleading, would fall within the scope of the general language. This interpretation is felt to be strongly supported by the language of the caption, which clearly refers only to statements that are misleading, and, where interpretation is required, may properly be looked to as evidence of the legislative intent. The interpretation is believed to be supported also by the consideration that, had the legislature intended such a drastic prohibition as one against all price advertising, it would normally have used language more positively evidencing its intent. The act itself thus prohibiting only such price advertising

as may be misleading, there is no fatal variance in this particular between the act and its caption.

While the effect of the foregoing is to uphold the constitutionality of the particular provision of the act involved, it also gives that provision a narrower interpretation than that upon which the trial court evidently proceeded in granting the temporary injunction. This being so, it is the further opinion of the court, that the injunction was erroneous and that accordingly our action should be to reverse the judgment of the trial court and here render judgment that the temporary injunction be dissolved. It is so ordered.[4]

Opinion delivered June 25, 1958.

Associate Justice Greenhill not sitting.

---

4.—The Court permits the writer of the foregoing opinion to state the following in lieu of a formal dissent against the conclusions of the Court as reflected in the last two paragraphs of the opinion:

So far as the matter may be relevant, the writer believes that the statutory provision in question rather clearly does prohibit all price advertising, but that such a construction would not entail a fatal variance from the caption. Especially when we keep in mind the usual judicial indulgence toward captions, it is felt that the "including" clause of the prohibitory portion of the act is no more than a definition or explanation of "misleading" as used in the caption, and that any interested person examining the caption while the measure was pending in the legislature would, in ninety-nine cases out of a hundred have felt impelled to read the body of the act to see how the legislature defined "mislading." Certainly if the caption had but added "and defining 'misleading statements'", there would be no question about the matter; and yet the added words would really have added only what the average reader would himself have assumed.

If the Court is disturbed, as it may be, by a lurking doubt of the power of the legislature to prohibit all price advertising as being essentially misleading in respect of eyeglasses, it is enough to say that the appellants-defendant have not even indirectly raised or argued that question.

The writer further believes that the express terms of Rule 499a, Texas R. Civ. Proc. (specially para. (b) thereof) restrict our consideration, in direct appeals such as this one, to constitutional questions; and that we are thus not at liberty to reverse on the ground that the trial court simply misconstrued the statute— a point relied on by the appellants-defendant in rather subordinate fashion, if at all. Nor are we justified in ruling on the question of whether the act does or does not prohibit all price advertising as a proper step in determining the sufficiency of the caption in this particular respect. Any argument against the caption in this respect necessarily requires a contention on the part of the appellants-defendant that the act prohibits all price advertising, and certainly no such contention has been made. They cannot be regarded as saying that the act varies from the caption *because* the act prohibits all price advertising, when they do not say the act so prohibits but say rather the contrary. Thus the question of the trial court's proper interpretation of the statute is not before us, and neither is the question of captional sufficiency of the act in the particular respect discussed.

Especially since the appellants have elected to proceed by direct appeal, I think we should have disposed of the case upon the grounds on which they really pitched it and thus have affirmed the temporary injunction. If, on the hearing for permanent injunction, they wish to raise other questions, they can readily do so. If I am wrong about this, and if we now have to decide whether the act prohibits or does not prohibit all price advertising, I think it does, and that such a construction does not entail a fatal variance from the caption.

MR. JUSTICE SMITH, dissenting.

The majority opinion, written on motion for rehearing, renders it necessary for me to withdraw my original dissent and substitute the following therefor.

I agree with the majority that the injunction must be dissolved. This was my position in the original dissent. I do not agree that the Act under consideration is constitutional, and dissent to the holding by the majority that it is. This is a direct appeal as provided under Rule 499a, Texas Rules of Civil Procedure, and this Court should pass upon all constitutional questions whether raised or not, provided a holding thereon for any reason would render the Act void. See Tom Smith v. Bill Decker, Individually and Bill Decker in his official capacity as Sheriff of Dallas County, 158 Texas 416, 312 S.W. 2d 632. Direct Appeal, I think, was provided so that it could be determined by this court at the earliest time possible the constitutionality of the Act where it is under attack. Under my view, the Act is unconstitutional and void for the reasons hereinafter stated. If it is void, the proceeding is a nullity, and the parties should be so informed immediately.

In the case of Tom Smith et al v. Bill Decker, Individually and Bill Decker in his official capacity as Sheriff of Dallas County, Texas, supra, we held that when a law, duly enacted, is under attack as being unconstitutional, the law is presumed to be valid and doubts as to its constitutionality should always be resolved in favor of constitutionality. With this in mind, we held the Act involved was unconstitutional. We cannot presume the validity of the Act in the present case. The majority opinion quotes the caption as well as the body of the Act, and reference is here made thereto.

The provision of the Act under consideration appears in the last sentence of Article 4565g, Vernon's Annotated Civil Statutes of Texas. That sentence reads:

"It shall be unlawful for any person, firm or corporation in this state to solicit patients or patronage for any individual licensed as a physician or optometrist, or for physicians or optometrists as professional groups, or to publish, cause or allow to be published any statement or advertisement concerning ophthalmic lenses, frames, eyeglasses, spectacles or parts thereof which is fraudulent, deceitful, misleading, or which in any manner whatsoever tends to create a misleading impression, includ-

ing statements or advertisements of bait, discount, premiums, price, gifts or any statements or advertisements of a similar nature, import or meaning."

In holding the Act to be unconstitutional, the Attorney General of Texas in Opinion No. WW-299, dated November 18, 1957, summarized his views by saying:

## "SUMMARY

"The portion of Article 4565g, Texas Civ. Stat. (Vernon, 1948), as amended, relating to the solicitation of patients, and to the publication of certain statements or advertisements is void since such provision was not contained in the original section and since the subject of this new substantive matter in the amendatory Act is not expressed in the title thereof."

The portion of Article 4565g of the Revised Civil Statutes of Texas, supra, relating to the solicitation of patients and to the publication of certain statements or advertisements is invalid, because such provision of the amendatory Act was not contained in the original Act nor was it contained in the caption of the amendatory Act. By examining the body of the bill as amended by the Acts 1957, 55th Legislature, we find for the first time that the above quoted sentence has been added to Article 4565g, prohibiting solicitation of patients and advertising. This does not appear in the caption. The reading of the entire caption would lead members of the Legislature and the public generally to believe that the body of the Act would contain a section relating to "fraudulent, deceitful, or misleading statements," but that is all it would reveal. There is nothing anywhere in the caption which would indicate that the body of the bill would make it unlawful for any person to solicit patients or patronage for a physician or optometrist. I think the variances between the caption of the bill and the bill itself are sufficiently grave to warrant striking down that portion of the Act under consideration. It is important that the members of the Legislature shall be able to ascertain from the caption what would be in the body of the bill. The same is true as to the general public, including representatives and officials of newspapers, radio, and television. A caption of a bill containing a provision prohibiting fraudulent advertising would no doubt be in accord with the wishes of such news media, but a caption containing the full provision of the last sentence of Article 4565g, supra, would have caused such representatives to take immediate steps to defeat the bill. This conclusion is equally applicable to the

persons or firms directly involved in the suit. The caption is misleading and wholly insufficient to put the public on notice as to the contents of the bill. I know of no rule that makes a difference because of the length of the bill. I agree with the appellants-defendants' statement in their motion for rehearing that the Act violates Article 3 of Section 35 of the Constitution of Texas. The Constitution has provided that the caption should state the contents of the bill in order to advise the public and the members of the Legislature of its contents. Failure to conform to the Constitution in enacting legislation renders the enacted law unconstitutional and void. See Texas-Louisiana Power Company v. City of Farmersville, Texas Comm. App., 67 S.W. 2d 235; Arnold v. Leonard, 114 Texas 535, 273 S.W. 799.

It will be noted that the caption refers to Articles 4565g, supra, and Article 4565d(1), Vernon's Annotated Civil Statutes of Texas. The caption of Article 4565g, supra, did not make any reference to any part of the caption of Article 4565d(1), and that the portion of the caption referring to Article 4565d(1) provided that the statute when enacted would prohibit "fraudulent, deceitful or misleading statements concerning ophthalmic lenses, eyeglasses, spectacles and other optical goods; and repealing all laws and parts of laws in conflict with this Act. * * * " Thus, it is seen that Article 4565g as enacted goes by its terms far beyond the field to which its activities were restricted by the terms of the caption of said Article. The statute involved is an amendatory Act. The caption of the amendatory Act specifically describes certain provisions which are contained in the amended Article 4565g, supra. The Attorney General's opinion, supra, points out the following pertinent facts:

"* * * caption does not merely state that Article 4565g is amended and then proceed to enumerate the provisions of the original Act. To the contrary, it specifically enumerates the provisions of the Act in its amended form. It does not contain any language which could give the reader of the caption an indication that the amendment contains a further provision relating to solicitation. The portion of the amended Act relating to the solicitation of patients, and to publication of certain statements and advertisements, is a new law in the sense that no similar provision was contained in Article 4565g prior to the amendment. It is obvious from the reading of the statute that Article 4565g, prior to the amendment, and the first portion thereof, subsequent to the amendment, relates to a limitation placed upon ophthalmic dispensers from the performance of certain acts

relating to preparation, filling, duplicating, compounding or adapting prescriptions, or dispensing lenses, without specific direction of a prescription written and signed by a licensed physician or optometrist. The latter portion of the amended Act relating to the solicitation of patients and publication of certain statements or advertisements, though relating to the field of optemetry, nevertheless is a completely separate and unrelated prohibition from that contained in the first portion of the Act and which is described in the caption thereof."

I adopt the opinion of the Attorney General. It reads:

"It is well settled that the introduction of the 'new substantive matter in the amendatory Act not germane or pertinent to that contained in the original section' characterizes the amendatory Act as independent legislation upon a matter not expressed in the title of the Act and that the portion of the amendatory Act which contains the new substantive provision is rendered void. *Katz v. State,* 122 Texas Crim. Rep. 231, 54 S.W. 2d 130. With this rule in mind, we now look back to the caption of the amendatory Act and see that it is stated therein that such Act amends Article 4565g in certain particular respects, without mentioning the addition of the new solicitation and publication provision. The rule as stated in the *Katz* case was followed in *Walker v. State,* 134 Texas Crim. Rep. 500, 116 S.W. 2d 1076, and in *Board of Water Engineers of the State of Texas v. City of San Antonio,* 155 Texas 111, 283 S.W. 2d 722.

"We conclude that the provisions in the amended Act relating to solicitation and publication of certain statements or advertisements is new substantive matter which has been added in the amended statute and which is not sufficiently germane or pertinent to that contained in the original Act to abrogate the necessity of specifying the addition in the caption of the amendatory legislation. It is our view, therefore, that the portion of Article 4565g, Texas Civ. Stat. (Vernon, 1948), as amended, which relates to the solicitation of patients and to the publication of certain statements or advertisements concerning ophthalmic lenses, frames, eye-glasses, spectacles or parts thereof, is void. Since we have answered your second question in the affirmative, it is unnecessary to consider the first question which you submitted."

I respectfully disagree with the majority conclusion which rejects the case of Arnold v. Leonard, supra, as authority supporting the contention of appellants. The Arnold case is authori-

ty if the argument advanced in this dissent is correct. The majority attempts to take the present case out from under the rule announced in Arnold v. Leonard by stating that the caption is full enough to assert the provision in question in the body of the Act. Of course, this is the vital point of difference between the majority and the dissent. It is my position that the caption is wholly insufficient to apprise anyone of the objectionable features contained in the body of the Act. As before stated, the caption is misleading and confusing. For example, the body of Article 4565g, includes language related to the Caption of Article 4565d(1) ; and Article 4565d(1) includes language related to the caption of Article 4565g. Therefore, the following holding in the Arnold v. Leonard case is appropriate in the instant case:

"This language not only gives no notice of an intention to change the status of certain property from community property to the wife's separate property, but completely disguises any such intention. A caption concealing the true purpose of a statute, and stating an altogether distinct and foreign purpose, is necessarily deceptive, and cannot be sustained as complying with Section 35 of Article 3 of the Constitution."

This court should not only dissolve the temporary injunction, but should go further and hold the Act unconstitutional and void in so far as it affects this case, and order the case dismissed.

I concur in part and dissent in part.

Opinion delivered June 25, 1958.

Rehearing overruled July 23, 1958.