**William Hargiss BRYANT, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 4404.**

Court of Civil Appeals of Texas, Eastland.

July 17, 1970.

Rehearing Denied Aug. 14, 1970.

McMahon, Smart, Sprain, Wilson & Camp, Abilene, for appellant.

Robert H. Alvis, Abilene, Davis Grant, Gen. Counsel, Austin, for appellee.

GRISSOM, Chief Justice.

Appealed from the 42nd District Court of Taylor County.

William Hargiss Bryant, a licensed Texas attorney residing in Taylor County, was convicted in a United States District Court of a felony involving moral turpitude. Mr. Bryant's appeal is pending. The State of Texas, acting through its Grievance Committee for District 17 of the State Bar of Texas, which includes Taylor County, filed this suit under the authority of Section 6, Article 320a-1, Vernon's Ann.Civ.St., as amended by Acts 1969, 61st Legislature, page 364, Chapter 134, Section 1, praying that the Court suspend Bryant from the practice of law during the pendency of his appeal. Upon a trial, he was suspended. He has appealed.

Appellant's points are that the court erred in suspending his license to practice law while his case is on appeal under the authority of Article 320a-1, as amended in 1969, because (1) the amendment is unconstitutional for the reason that its caption does not meet the requirements of the Constitution of Texas; (2) that by said amendment the legislature exercised a power previously delegated by it exclusively to the Supreme Court in Section 4 of the State Bar Act, thereby violating the "separation of powers" provision of Section 1, Article 2, of the Texas Constitution, Vernon's Ann.St., and (3) because the 1969 amendment is void, as applied to him, by virtue of the constitutional prohibition of retroactive laws.

Under point 1 appellant says that suspension of his license while his judgment of conviction was on appeal was erroneous because the 1969 amendment of Section 6 of Article 320a-1 is unconstitutional because its caption does not meet the requirement of Section 35 of Article 3 of the Constitution

of Texas that "no bill shall contain more than one subject, which shall be expressed in its title". He says that before the 1969 amendment, Section 6 of Article 320a-1 was a venue statute. It did then provide that:

"No disbarment proceeding shall be instituted against any attorney except in the district court located in the county of said attorney's residence, nor shall any attorney be suspended until such attorney has been convicted of the charge pending against him, in a court of competent jurisdiction in the county of such attorney's residence."

The 1969 amendment, (House Bill 279), added the folowing:

"Provided, however, *upon proof of conviction of an attorney in any trial court of any felony involving moral turpitude* or of any misdemeanor involving the theft, embezzlement, or fraudulent appropriation of money or other property, *the district court of the county of the residence of the convicted attorney shall enter an order suspending said attorney from the practice of law during the pendency of any appeal from said conviction.* An attorney who has been given probation after such conviction shall be suspended from the practice of law for the period of his probation. Upon proof of final conviction of any felony involving moral turpitude or of any misdemeanor involving theft, embezzlement, or fraudulent appropriation of money or other property, where probation has not been given or has been revoked, the district court of the county of the residence of the convicted attorney shall enter a judgment disbarring him." (Emphasis ours.)

The caption of said 1969 amendment to Section 6 of Article 320a-1, House Bill 279, reads as follows:

"An Act amending the State Bar Act; amending Section 6, Chapter 1, page 64, General Laws, Acts of the 46th Legislature, 1939 (Article 320a-1, Vernon's Texas Civil Statutes) ; and declaring an emergency."

Appellant says the caption makes no reference to the substantive changes and departures from the venue provisions in Section 6 that were made by said amendment; that prior to its amendment Section 6 was merely a venue statute; that the amendment goes beyond venue and sets forth in detail grounds for suspending and disbarring an attorney, and made the following changes:

(a) An attorney shall be suspended while a judgment of conviction for certain crimes is on appeal;

(b) An attorney given a probated sentence shall be disbarred during the period of his probation;

(c) An attorney whose conviction becomes final shall be disbarred only if he has been convicted of a felony involving moral turpitude or a misdemeanor involving theft or embezzlement. Appellant argues that none of said substantive changes is germane to the subject of Section 6, Article 320a-1, as it existed before the amendment; that, as amended, Section 6 ceased to be a mere venue statute and, in addition to provisions for venue of suits to suspend or disbar an attorney, it prescribed the conditions under which an attorney should be suspended or disbarred; that the caption of the amendment gives no notice of its contents; that no notice is given by the caption that Section 6, as amended, prescribed a ground for suspension of an attorney. Wherefore, appellant concludes that said amendment violates Section 35 of Article 3 of the Texas Constitution which provides that "no bill shall contain more than one subject, which shall be expressed in its title."

Appellant cites Board of Water Engineers v. City of San Antonio, 155 Tex. 111, 283 S.W.2d 722, 726. There is language in that opinion that may be construed as supporting appellant's contention but the court held that the caption of an amendment is sufficient when it merely refers to

the specific statute, or section thereof, being amended by number if the amendment is germane to the subject matter of the original act, or the portion thereof which the caption of the amendatory act declares to be amended. The court said that a reference in a caption of an amendment to the statute being amended by merely stating the number of the article amended is sufficient only if a reading of such caption and the article being amended discloses the subject of the amendment without having to read the body of the amendatory bill. Appellant also cites 53 Tex.Jur.2d, Section 60, page 107. It is stated there that the caption of an amendment is sufficient to permit any provision in the amendment which is germane to the subject of the statute being amended if it clearly specifies the article amended, but that new substantive material in an amendment which is not germane to the subject of the article amended is invalid as legislation on a subject not expressed in the caption of the amendment. Appellant says the decision of the Court of Criminal Appeals in White v. State, 440 S.W.2d 660, 665, disposes of the question in his favor. That was an appeal from a conviction under an amended statute for selling dangerous drugs. It was held that the caption, to the amendment of the Dangerous Drug Act to include hallucinogens such as LSD, was insufficient to apprise the legislature and the public of the drastic changes in penalties and elimination of penalties for other offenses made by the amendment and, therefore, violated said constitutional provision when the caption merely recited that it was an act to include LSD and other hallucinogens in a list defining dangerous drugs. The caption there in question specified the field the amendment covered, which is not true here, where the caption does not specify the field the amendment is to cover but simply states it is "An act amending the State Bar Act; amending Section 6, Chapter 1, page 64, General Laws, Acts of the 46th Legislature, 1939 (Article 320a-1, Vernon's Texas Civil Statutes); and declaring an emergency." It was also stated in the White case that when the title of an original

act embraces matters covered by the amendment the caption of the amendment need not state the subject of the law amended or specify the nature of the proposed amendment, but that new substantive matters in the amendment, "not germane to the provision amended, is invalid as legislation on matters not expressed in the title of the amendatory act," citing 53 Tex.Jur.2d, Section 60, page 107.

Appellant concludes that the caption of the amendment here in question fails to give notice of the departure in the amendment from the subject of Section 6 and, therefore, the amendment is unconstitutional because it fails to meet the requirements of Section 35 of Article 3 of the Texas Constitution. We agree with appellant's contention of what the law is. However, the real question presented is whether said amendment is germane to the subject of the original act. The general rule was announced in Board of Water Engineers v. City of San Antonio, 155 Tex. 111, 283 S.W. 2d 722, which is cited by both appellant and appellee. It is established law that the caption of an amendment which merely states that it amends a specifically named and identified statute is sufficient if the amendment is germane to the subject matter of the original act. Germaneness depends on whether a reader of the caption of the amendment and the statute amended is able to ascertain the subject of the amendment without reading the body of the amendment. Shannon v. Rogers, 159 Tex. 29, 314 S.W.2d 810. An amendment which is not germane to the subject of the statute amended must make specific reference in its caption to the non-germane provision of the amendment so that a reader of the amendment and the statute amended may know of the change of subject. San Antonio & A. P. Ry. v. State, 128 Tex. 33, 95 S.W.2d 680.

In Schlichting v. Texas State Board of Medical Examiners, 158 Tex. 279, 310 S.W. 2d 557, our Supreme Court defined the test of germaneness by stating that it was the closeness of relationship between the new provisions, or substantial changes, to what

went before. It held that a general reference in the caption of an amendment to the number of the statute being amended was sufficient to satisfy said constitutional requirement when such relationship of subject matter existed. Holdings of the Court of Criminal Appeals are to the same effect. In Walker v. State, 134 Tex.Cr.R. 500, 116 S.W.2d 1076, 1078, said court held that a reference in an amendment to the number of the statute amended was sufficient to permit any provision in the amendment germane to the subject of the original statute so referred to.

■■■ The caption of the amendment here, Texas Laws 1969, Chapter 134, at page 364, referred to Section 6 of Article 320a-1, as the statute being amended. We hold that the caption is sufficient because the amendment is germane to the subject of the amended statute. We think anyone can read the caption of the amendment and the statute amended and know what the subject of the amendment is without having to read the body of the amendment. 39 Tex.Jur. 102 states a general rule that:

"When the title of the original act is sufficient to embrace the matters covered by the provision of the amendatory act, the title of the latter act is not required to state the subject of the law amended or to specify the nature of the proposed amendment."

The caption of original Article 320a-1, Texas Laws 1939, 46th Legislature, Chapter 1, at page 64, shows four clauses applicable to suspension or disbarring attorneys. It empowered the Supreme Court to adopt rules for disciplining, suspending and disbarring attorneys. It provided that suspension and disbarment proceedings must be brought in the district court of the county of residence of the defendant and that no attorney could be suspended until convicted. The first, second and fourth clauses of the caption of the original act are procedural and the third refers to venue. The subject of the amendment is relative to both procedure and venue in suits for suspension or disbarment of attorneys. Section 35 of Article 3 of the Texas Constitution which provides that no bill shall contain more than one subject, which shall be expressed in the title, is not violated by an amendment which contains many provisions concerning the subject of the statute being amended, although it includes other matters germane thereto and connected therewith. When a statute has but one general subject indicated by its title and deals with matters related to that main subject, directly or indirectly, which have a material connection with and are necessary to accomplishment of the act, it does not contain more than one subject. Furthermore, it is sufficient if there is substantial compliance with said constitutional requirement. Gunter v. Texas Land & Mortgage Company, 82 Tex. 496, 17 S.W. 840. The requirement is liberally construed. All subjects incidental to, auxiliary of, or tending in any way to effectuate the general purpose and scope of a bill, will be held to be comprehended thereby. Mosier v. State, 90 Tex.Cr.R. 136, 234 S.W. 225. See also Ex parte White, 82 Tex.Cr.R. 85, 198 S.W. 583; Snyder v. Compton, 87 Tex. 374, 28 S.W. 1061; City of Beaumont v. Gulf States Utilities Company, Tex.Civ. App., 163 S.W.2d 426 (WR); Continental Bus System, Inc. v. Carney, Tex.Civ.App., 310 S.W.2d 676 (WR) and King v. Carlton Independent School District, 156 Tex. 365, 295 S.W.2d 408. We hold that the amendment does not violate Section 35 of Article 3 of the Texas Constitution.

■■■ Appellant's second point is that said amendment violates Section 1 of Article 2 of the Texas Constitution which requires separation of the powers of government, because the legislature by said amendment exercised a power which, he says, had been previously delegated by the legislature exclusively to the judicial branch of government in Section 4 of the State Bar Act. Section 4 of Article 320a-1 provides that the Supreme Court shall prepare rules and regulations for suspending and disbarring attorneys. We hold that said amendment was a legitimate function of the legis-

lature and that it did not constitute an invasion by the legislative branch of government of a power previously exclusively delegated by it to the judicial branch. One legislature cannot bind a subsequent legislature by enactment of a law that cannot be altered or repealed by the latter. The practice of law is a profession affected with the public interest and the legislature under its police power, to protect the public interest, may reasonably legislate to that end. In so doing it acts in aid of the judiciary, not to the exclusion of the constitutional powers of the judiciary. Grievance Committee, etc. v. Dean, Tex.Civ.App., 190 S.W.2d 126; Grievance Committee, etc. v. Coryell, Tex. Civ.App., 190 S.W.2d 130 (Writ ref. w. o. m.). See also Koy v. Schneider 110 Tex. 369, 218 S.W. 479. We think the legislature retained the power to so amend the State Bar Act, Article 320a-1, and that such amendment is a legitimate exercise by the legislature of its police power under the constitution.

Appellant's third point is that the court erred in suspending appellant's license under said statute, as amended, because said 1969 amendment is unconstitutional for the reason that it violates the constitutional prohibition of retroactive laws. Said amendment became effective May 6, 1969. Prior thereto there was no authority for suspension of the license of a convicted attorney while his judgment of conviction was on appeal. Appellant points out that: (a) May 24, 1968, through July 25, 1968, was the time during which the acts occurred for which he was convicted; (b) May 6, 1969, was the date the amendment of Section 6, Article 320a-1, became effective; (c) May 22, 1969, appellant was indicted and (d) November 26, 1969, appellant was sentenced. Appellant ably argues that the acts for which he was convicted occurred prior to the effective date of the amendment and, therefore, his conviction violated Section 16 of Article 1 of the Constitution of Texas which provides that "No * * * retroactive law * * * shall be made." Appellant says that at the time he committed the acts for which he was convicted there was no law that authorized his suspension from the practice of law pending an appeal. He cites Mellinger v. City of Houston, 68 Tex. 37, 3 S.W. 249, 251, in which it was held that said constitutional provision prohibited a later law from depriving a taxpayer of the right to plead limitations to a tax debt previously barred by the law of limitations. He also cites Industrial Accident Board v. O'Dowd, 157 Tex. 432, 303 S.W.2d 763, which does hold that a license to practice a profession is a right or privilege protected by the state and federal constitutions. But, it also held that a statute which authorized the Industrial Accident Board to bar persons guilty of certain conduct from practicing before it, although such persons previously held the right to do so, did not violate said constitutional provision. See also Korndorffer v. Texas State Board of Medical Examiners, Tex.Civ.App., 448 S.W.2d 819.

Appellant forcefully insists that the judgment deprives him of substantial rights under a retroactive law in violation of said constitutional provision. A statute is retroactive if it takes away rights which have become vested under existing laws. Turbeville v. Gowdy, Tex.Civ.App., 272 S. W. 559, 560. But subsequent procedural and remedial statutes are valid and they control litigation from their effective date. Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S. W. 905, 907. See also Texas State Board of Barber Examiners v. Beaumont Barber College, Inc., Tex., 454 S.W.2d 729, reversing Tex.Civ.App., 448 S.W.2d 498. In Sherman v. State Board of Dental Examiners, Tex.Civ.App., 116 S.W.2d 843, 846 (WR), it was held that the right to regulate the activities of those engaged in a profession continues after a license to engage therein is issued and that the license may be revoked under the authority of subsequent legislation. It said that:

"—while the license to practice is a property right, and a valuable one at that, it is not such a vested right, in the constitutional sense, that it may not be revoked

for good cause, and such revocation is not a taking of property without due process of law."

See also McCain v. Yost, 155 Tex. 174, 284 S.W.2d 898, 900; Salvato v. Volunteer State Life Insurance Company, Tex.Civ. App., 424 S.W.2d 1 and 7 Tex.Jur.2d 45. The right to practice law under a previously granted license may be revoked under a subsequent act of the legislature in the exercise of its police power. A license to practice law is not such a property right as is immune to such regulation. The amendment does not violate the constitutional prohibition of retroactive laws. Such proceedings are not penal in nature. They are not taken for the purpose of punishing the attorney. They are civil. They were enacted to protect the court and the public against one who, though licensed, has been convicted of a crime which demonstrates his unfitness to be entrusted with the duties of the profession.

All of appellant's contentions have been carefully considered. They are overruled. The judgment is affirmed.