

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 12, 1971

Hon. Thomas J. Purdom
County Attorney
Lubbock County Courthouse
Lubbock, Texas   79401

Dear Mr. Purdom:

Opinion No. M-972

Re:   Constitutionality of
H. B. 384, Acts of the
62nd Leg., R.S. 1971,
Ch. 622, p. 2019.

Your request for an opinion asks the following question:

"Do the title and the text of H.B. 384
of the 62nd Legislature Regular Session con-
form to the requirements of Section 35, Article
III of the Constitution of Texas?"

Section 35 of Article III, Constitution of Texas, pro-
vides:

"No bill, (except general appropriation
bills, which may embrace the various subjects
and accounts, for an on account of which moneys
are appropriated) shall contain more than one
subject, which shall be expressed in its title.
But if any subject shall be embraced in an act,
which shall not be expressed in the title, such
act shall be void only as to so much thereof,
as shall not be so expressed."

It is settled law that Section 35 of Article III, Con-
stitution of Texas, should be given a liberal construction.
If the caption or title is general, provisions of the Act
are valid if they are germane or reasonably related to the
subject stated in the title.  Board of Water Engineers v.
City of San Antonio, 283 S.W.2d 722 (Tex.Sup. 1955); State
v. The Praetorians, 186 S.W.2d 973 (Tex.Sup. 1945); Fletcher
v. State, 439 S.W.2d 656 (Tex.Sup. 1969), and Smith v. Davis,
426 S.W.2d 827 (Tex.Sup. 1968).

In Smith v. Davis, supra., the rule is succinctly stated
as follows:

-4750-

"The purpose of a title is to give a general statement of, and call attention to, the subject matter of an act, so that the legislators may be apprised of the subject of the legislation. With amendatory bills, it is settled that reference to the act or section to be amended is adequate, as long as the subject matter of the amendment is germane or reasonably related to the content of the original act. Schlicting v. Texas State Board of Medical Examiners, 158 Tex. 279, 310 S.W.2d 557 (1958); Shannon v. Rogers, 159 Tex. 29, 314 S.W.2d 810 (1958); English & Scottish-American Mortgage and Investment Co. v. Hardy, 93 Tex. 289, 55 S.W. 169 (1900)."

The title to House Bill 384 states:

"An Act relating to the compensation, expenses, and allowances of certain officers and employees paid wholly from county funds; and declaring an emergency."

Section 1 of House Bill 384 provides that the Commissioners Court of each county shall fix the amount of compensation, office expenses, travel expenses, and all other allowances for county and precinct officials and employees who are paid wholly from county funds.

All the provisions of House Bill 384 relate to the compensation, expenses, and allowances of officers and employees covered by the Act. Therefore, the provisions are germane to the subject stated in the title and are therefore valid.

## SUMMARY

The provisions of House Bill 384, Acts of the 62nd Legislature, Regular Session, 1971, Ch. 622, p. 2019 (codified in Vernon's as Article 3912k, Vernon's Civil Statutes) relating to the compensation, expenses and allowances of certain officers and employees paid wholly from county funds are germane to the subject stated in the title to House Bill 384.

Therefore, Section 35 of Article III, Constitution of Texas, has been complied with.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Houghton Brownlee
Bob Flowers
John Grace
James Broadhurst
J. C. Davis

SAM McDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant