**Meddie Leon BASS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 82 091 CR.**

Court of Appeals of Texas, Beaumont.

Nov. 3, 1982.

Discretionary Review Granted Jan. 12, 1983.

---

**3.** The statute denouncing aggravated delivery of marihuana as an offense was also contained in H.B. 730. See § 4.05(c), C.S.A.

**114**

Joe B. Goodwin, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

KEITH, Justice.

Appellant was charged with intentionally and knowingly possessing marihuana in a usable quantity of under two ounces. He pleaded guilty and the Court found him to be guilty as charged and fixed his punishment at confinement in jail for six months and assessed a fine of one thousand dollars. Imposition of the sentence was suspended and appellant put on probation for a period of six months. One of the conditions of probation was that he commit no offense under the law during such probationary period.

Subsequently, but during the probationary period, upon proper notice and hearing, probation was revoked because of a violation thereof and appellant sentenced to confinement in jail for ninety days.

The appeal is based upon a single ground of error:

"The Trial Court erred in convicting Appellant of possession of marihuana because at the time of conviction, possession of marihuana was no longer a crime in the State of Texas, due to the unconstitutionality of the Texas Controlled Substances Act."

The date of the conviction was September 24, 1981, and counsel argues that "the new Texas Controlled Substances Act, which became effective September 1, 1981, fails constitutional muster when examined

closely." The attack is aimed at the caption to House Bill 730, Acts 67th Leg., 1981, Ch. 268, p. 696, which, in its entirety, reads:

"An Act relating to offenses and criminal penalties under the Texas Controlled Substances Act."

Able counsel supports the contention now advanced with a scholarly attack first publicly espoused by the Honorable Percy Foreman, a Houston barrister of eminent renown.[1]

Our attention is first called to the provisions of *Art. III, Sec. 36, Constitution of Texas*, reading:

"No law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length."

The provision has been held to be mandatory and unless complied with, the amending act is invalid. *State Highway Dept. v. Gorham*, 139 Tex. 361, 162 S.W.2d 934, 937 (1942).

Next, counsel suggests that the "title does not identify the statute it seeks to amend," arguing that the title "merely says it relates to the Texas Controlled Substances Act. This is insufficient for the public to locate the original act."

Art. 4476–15, TEX.REV.CIV.STAT.ANN. (1976), which was amended by H.B. 730, now under consideration, contains as its first section, *Sec. 1.01:* "This Act may be cited as the 'Texas Controlled Substances Act.'" We note that the caption of the amendatory act gave notice that it related to "offenses and criminal penalties under the Texas Controlled Substances Act."

Counsel's supporting argument is based upon this syllogism:

1. By the provisions of the statute, *Sec. 1.02(5)*, a controlled substance "means a drug, substance, or immediate precursor

---

1. An unpublished manuscript delivered at the Criminal Law Institute, June 30, 1982. See 45  TEX.B.J. 1096 (Sept.1982).

listed in Schedules I through V and Penalty Groups 1 through 4 of this Act."

2. Marihuana is listed in *Sec. 2.03(d)(13)*, but is not listed in any of the Penalty Groups.

3. Ergo, "[s]ince by definition a substance must be listed in both the schedule groups and the penalty groups and since marihuana is not [so listed], the title is void for failing to give notice that the provisions relating to marihuana are being drastically altered with much more severe penalties and the creation of new offenses relating to marihuana."

We disagree. When the preceding section of the Constitution, *Art. III, Sec. 35*, was before the Court of Criminal Appeals in *White v. State*, 440 S.W.2d 660, 664 (1969), the Court noted the avowed purpose of the Constitutional provision was to " 'give fair notice within itself and a reading must reasonably forewarn of the subject of the statute.' "

The Court continued:

"It has been consistently held that in determining its [Sec. 35] application, the caption or title of the act should be liberally construed so as to uphold its validity rather than giving the act a strict construction which would lead to striking down the act or a part thereof."

See also, *Bates v. State*, 587 S.W.2d 121, 128–129 (Tex.Cr.App.1979), where the Court held:

"The critical question for determining adequate compliance with Article III, Section 35, of the Texas Constitution is whether the caption 'put any reasonable caption reader on notice that he will find new matter in the body of the bill.' *Ex parte Jimenez*, 159 Tex. 183, 317 S.W.2d 189 (1958)."

▇ The Court has also applied a stricter rule of conformity of title to subject matter in amendments than to titles of original

acts. *White*, supra (440 S.W.2d at 665); *Harvey v. State*, 515 S.W.2d 108, 111 (Tex. Cr.App.1974). Since both constitutional sections have the same apparent goal and purpose, we apply the authorities involving *Sec. 35* to this case involving *Sec. 36*. See and cf. *Shannon v. Rogers*, 159 Tex. 29, 314 S.W.2d 810, 814 (1958).

When the "reasonable caption reader" looked at H.B. 730, he was put upon notice that it was designed to accomplish two changes in the Texas Controlled Substances Act: the changes related to the offenses and to the criminal penalties; and our theoretical "reasonable caption reader" knew that there was but one "Texas Controlled Substances Act," the title to *Art. 4476–15*, where marihuana was specifically mentioned as one of the controlled substances.

Counsel relies upon language found in *Gunter v. Texas Land & Mortgage Co.*, 82 Tex. 496, 17 S.W. 840, 843 (1891), where the Court wrote: "There is nothing in the title of the act under consideration from which the subject may be known...." [2] We do not find *Gunter* to be in point in the case at bar. Instead, we follow *Clark v. Finley*, 93 Tex. 171, 54 S.W. 343, 344 (1899), where the Court, quoting from an earlier case, reaffirmed a holding that " '[i]t is not meant by this provision that every act which amends the statutory law shall set out at length the entire law as amended....' "

▇ In *Smith v. Davis*, 426 S.W.2d 827, 833 (Tex.1968), it was held:

"The purpose of a title is to give a general statement of, and call attention to, the subject matter of an act, so that the legislators may be apprised of the subject of the legislation. With amendatory bills, it is settled that reference to the act or section to be amended is adequate, as long as the subject matter of the amendment is germane or reasonably

---

**2.** The *Gunter Court* was considering an attack based upon *Sec. 35, Art. III*, forbidding enactment of bills containing more than one subject, which shall be expressed in the title with exceptions which are immaterial here. The act in-

volved in *Gunter* had as its caption: "An Act to amend title three, articles 9 and 10, and to add articles 10a, 10b, 10c, 10d, 10e, 10f, 10g, and 10h, and to repeal all laws in conflict therewith."

related to the content of the original act...." (citations omitted)

Or, as stated in *State, etc. v. Texas Mun. Power Agency*, 565 S.W.2d 258, 272 (Tex. Civ.App.—Houston [1st Dist.] 1978, no writ):

"Section 35 of Article 3 of the Constitution is given a liberal rather than a strict construction. *Central Education Agency v. Independent School District of City of El Paso*, 152 Tex. 56, 254 S.W.2d 357 (1953). It is not necessary that the caption of an amendatory bill apprise the reader of the precise effects of the body of the bill, so long as the general subject of the amending bill is disclosed. *Smith v. Davis*, 426 S.W.2d 827 (Tex.1968)."

■ We do not concur in appellant's contention that "Marihuana is not a controlled substance and the title gives no notice of the changes in the marihuana laws." Under *Smith v. Davis*, supra, the caption was sufficient. It notified the reasonable caption reader that the body of the bill dealt with offenses and penalties under the Texas Controlled Substances Act; and it is undisputed that the offense of possession of marihuana and penalties therefor were included in the Controlled Substances Act. As State's counsel puts it: The possession of marihuana "*is* one of the offenses included in the original Act, and the caption of the amendatory act *does* put the reader on notice that it deals generally with offenses and penalties in such *Act*. Such caption was therefore sufficient...." (emphasis in original)

We conclude, in words used earlier by appellant, that House Bill 730, 67th Legislature, when examined closely, *does* pass "constitutional muster." Such holding renders it unnecessary for us to comment upon appellant's ancillary or supplemental contentions relating to the lack of severability and savings clauses in such bill.

Appellant's single ground of error is overruled and the judgment of the trial court is AFFIRMED.